## STATE OF MISSOURI, Appellant, v. JOE LAMAR, Respondent.

In the Kansas City Court of Appeals, April 2, 1923.

CRIMINAL LAW: Indictment: Information: Compounding Misdemeanor: Statute of Limitations: An Information Charging Compounding of a Misdemeanor, Setting Out Some Facts Which Were Set Forth in an Indictment, Charging Bribery, Which Had Been Quashed, Held Filed Within Limitation Period, Thereby Suspending Operation of Statute: "Offense" Defined. Where indictment for bribery was quashed on August 31, 1922, and leave given prosecutor to file new information which was filed September 5, 1922, charging defendant with compounding a misdemeanor on January 19, 1921. in violation of section 3143, Revised Statutes 1919, and where the pendency and allegations of the former indictment returned on January 4, 1921 based on essentially the same statement of facts set out in formation were pleaded, *held* sufficient to suspend operation of one year Statute of Limitations (sec. 3738, Revised Statutes 1919), as section 3740, Revised Statutes 1919, provides that time during which indictment was pending shall not be computed as part of the time of the limitation prescribed for the offense; section 3099, Revised Statutes 1919, providing that where indictment or information is quashed or adjudged insufficient, court may, if there is reasonable cause to believe defendant can be convicted of an offense, if properly charged, cause defendant to be committed or recognized to answer a new indictment, and the term "offense," as defined by section 3715, Revised Statutes 1919, when used in any statute, shall be construed to mean any offense, misdemeanor or felony for which any punishment by imprisonment, fine, or both, may by law be inflicted.

Appeal from the Circuit Court of Atchison County.—
*Hon. John M. Dawson,* Judge.

REVERSED AND REMANDED.

*James F. Gore,* Prosecuting Attorney and *Allen May,*
Special Assistant Attorney General, for appellant.

*L. D. Ramsay* and *Jno. A. Garlash* for respondent.

ARNOLD, J.—This is an appeal by the State from
an action of the trial court in sustaining a motion to
quash an information charging defendant with a mis-
demeanor.

Defendant, on January 19, 1921, was a police officer
in Tarkio, a city of the fourth class, in Atchison county,
On January 4, 1922, the grand jury of said county re-
turned an indictment against defendant charging him
with bribery committed on the said 19th day of Janu-
ary, 1921. This indictment was quashed, on motion of
defendant, on August 31, 1922, and leave was given the
prosecutor to file a new information. Such new infor-
mation was filed September 5, 1922, charging defendant
with compounding a misdemeanor on January 19, 1921,
and pleading the pendency of the proceeding as tolling
the Statute of Limitations. This information also was
quashed on motion of defendant and this appeal was
taken from the order of the court in quashing same,
defendant being held to bail *ad interim.* The informa-
tion reads, as follows:

"Thomas M. Bailey, prosecuting attorney of the
State of Missouri, within and for Atchison County, in-
forms the court that heretofore and on, to-wit the
. . . day of January, 1921, one Bryan Williams, at
the county of Atchison and State of Missouri, did un-
lawfully steal, take and carry away one automobile tire
and a set of automobile tire chains and chain tighteners
of the reasonable worth and value of, to-wit, twenty dol-

lars ($20) of the personal property, goods and chattels of one Dwight Lindsey, and that Joe Lamar at the county of Atchison and State of Missouri aforesaid, then and there having knowledge of the actual commission of said larceny by the said Bryan Williams, as aforesaid, did, on, to-wit, the 19th day of January, 1921, at the county and State aforesaid, unlawfully exact, take, receive and have of and from one Jesse Williams a certain valuable thing, to-wit, a check for the sum of fifty dollars ($50), signed by the said Jesse Williams, drawn upon the Tarkio Valley Bank of Tarkio, Missouri, the same being a regularly organized, incorporated banking institution engaged in the general banking business, said check being then and there of the value of, to-wit, fifty dollars ($50); he, the said Joe Lamar, then and there receiving said check under and upon the agreement and understanding with one Frank Williams, that he, the said Joe Lamar, would compound and conceal the said misdemeanor and abstain from any prosecution therefor and withhold the evidence thereof.

And that thereafter and on, to-wit, the 4th day of January, 1922, the grand jury of Atchison County returned into open court an indictment against the said Joe Lamar upon said offense, which said indictment was by the Circuit Court of the State of Missouri, within and for Atchison County, quashed on, to-wit, the 31st day of August, 1922, and leave given the prosecuting attorney by said court to file this information.

And so the prosecuting attorney aforesaid informs the court that Joe Lamar did, as aforesaid, compound the misdemeanor aforesaid, against the peace and dignity of the state.

(Signed) Thomas M. Bailey.

Prosecuting Attorney of Atchison County, Mo.''

The only point urged by appellant as a basis for the appeal is that the trial court erred in sustaining the motion to quash. The complaint is based upon the provisions of section 3143, Revised Statutes, 1919, which is as follows:

"Every person having a knowledge of the actual commission of any offense punishable only by imprisonment in the county jail, or by fine, or by such imprisonment and fine, or of any misdemeanor, or violation of any statute, for which any pecuniary or other penalty or forfeiture is or shall be prescribed, who shall take any money, property, gratuity or reward, or any promise, engagement or undertaking therefor, upon any agreement or understanding, express or implied, to compound or conceal any such offense or misdemeanor, or to abstain from any prosecution therefor, or to withhold any evidence thereof, shall, upon conviction, be adjudged guilty of a misdemeanor."

Section 3738 provides: "No person shall be prosecuted, tried or punished for any offense, other than felony, or for any fine or forfeiture, unless the indictment be found or prosecution be instituted within one year after the commission of the offense, or incurring the fine or forfeiture."

Section 3740 provides: "When an indictment or prosecution shall be quashed, set aside or reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense."

It was held in State v. Hansbrough, 181 Mo. 348, 80 S. W. 900, that the statute last above quoted (Sec. 2422, R. S. 1899) is not restricted in its operation to any particular cause for which the indictment may be quashed, set aside or reversed, but includes any and all grounds which may be held by the court to be sufficient for quashing the indictment. Further it is said in that case that "the question as to the effect of the dismissal of the first indictment, and the presentation of the one under which defendant was convicted, were for the consideration of the court."

Appellant insist that the offense being the same in both the indictment and the information, the fact that bribery is charged in the indictment and the compound-

ing of a misdemeanor in the information will not render the information invalid. The word "offense" is defined in Anderson's Dictionary of Law as "the transgression of a law (Moore v. Illinois, 14 How. 19); a crime (People v. Comm., 39 Hun. 510), any crime or act of wickedness (Wharton's Law Dist.)"

In the case at bar the act constituting the offense is the same in both the indictment and the information. Section 3715, Revised Statutes, 1919, declares: "The terms 'crime,' 'offense,' and 'criminal offense,' when used in this or any other statue, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted."

[See State v. Amor, 77 Mo. 568.] The offense—the violation of the law—actually charged in the information is the same act as that charged in the indictment. We think section 4099 applies to the situation presented in this case, wherein it is provided: "When any indictment or information is quashed, or adjudged insufficient upon demurrer, or when judgment thereon is arrested, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is a reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause that defendant to be committed or recognized to answer a new indictment; or if the prosecuting attorney prays an appeal to the Supreme Court, the court may, in its discretion, grant an appeal."

In the information the same offense is charged and is charged against the same alleged offender. The indictment charges bribery, the information charges the compounding of a misdemeanor. Both are misdemeanors, and both are based upon the identical alleged unlawful act of defendant. In State v. Duclos, 35 Mo. 237, it was held, in effect, that the second indictment should state the proceedings under the first with all the certain-

ty required in charging the commission of the offense (State v. English, 2 Mo. 147), but since that decision the law-making power has been constantly striving to simplify, as far as is consistent with justice, the rules of criminal pleading; and it is now provided by statute that no indictment shall be deemed invalid, nor shall the trial, judgment or other pleadings therein be stayed, arrested, or in any manner affected by reason of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'' In the case at bar the information sets out essentially the same statement of facts as charged in the indictment, and then charges that an indictment based thereon was returned by the grand jury of Atchison County on the 4th day of January, 1922. We think this is sufficient compliance with the rule laid down in the Duclos case, supra, and suspends the operation of the Statute of Limitations. We find nothing in defendant's citations contrary to this rule.

We hold the trial court erred in sustaining the motion to quash the information. The judgment is reversed and the cause remanded.

All concur.