William Junior REEVES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 34753.

Missouri Court of Appeals, Western District.

Oct. 4, 1983.

William M. Barvick, Jefferson City, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment denying post-conviction relief pursuant to Rule 27.26. The case was heard by a special judge pursuant to Missouri Supreme Court order of assignment.

Movant presents two points on this appeal. Due to the disposition herein, this court takes up only one point. Movant charges that the trial court erroneously denied his post-conviction motion by which he seeks vacation of his conviction and sentence entered upon his plea of guilty to the charge of manslaughter, because the charge (and hence his subsequent guilty plea) was barred by the dismissal of the information by the trial court.

This court will not take the time to disclose the historical behavior of movant, but it suffices to state that movant has an extensive history of anti-social and criminal conduct. This court likewise will not dwell upon the apparent lack of diligence in the prosecution of this case.

The movant, while incarcerated for other convictions, was charged by information for murder first degree. This information was filed on December 11, 1970, alleging that movant murdered one Daniel DeUnger on July 2, 1968. The record further reveals several pretrial activities by movant. On December 28, 1971, movant filed a motion to dismiss, stating that he had asked for disposition of his case and this not having occurred, he was denied a speedy trial. The motion was overruled on January 24, 1972, on which date movant filed a motion to disqualify the trial judge, and the regular trial judge was disqualified. On February 15, 1972, request by our state supreme court was made to a special judge to hear the case. Also on February 15, 1972, movant filed his application for a Writ of Habeas Corpus Ad Testificandum. On May 3, 1972,

movant filed his second motion to dismiss. This motion was the one ruled by the special trial judge on May 24, 1972.

On May 24, 1972, the special judge made the following docket entry:

"I, Joseph T. Tate, hereby assume jurisdiction of this case. Defendant's motion to dismiss information presented and sustained and said information dismissed."

Then on December 30, 1980, an information was filed charging movant with first degree murder of one Daniel DeUnger on July 2, 1968. This was the same charge made in the original information filed on December 11, 1970. The record then reveals several actions by movant pending trial on the subsequent or second information. Movant then entered his guilty plea to a reduced charge of manslaughter on November 5, 1981, and was sentenced on that conviction. On April 16, 1982, movant filed pro se this 27.26 motion. Counsel was appointed, and the motion was not amended. An evidentiary hearing was granted, but the parties agreed that the matter could be submitted to the trial court upon the records of the court. The trial court then, in a memorandum decision, denied movant's 27.26 motion to vacate. This appeal followed.

Movant's contention is that the trial court did not have jurisdiction at the time of the second information (December 30, 1980) to try movant under that information (which ultimately led to movant's entry of a plea of guilty to the reduced charge of manslaughter), because the trial court previously had dismissed that charge under the order of May 24, 1972.

The trial court which ruled the 27.26 motion giving rise to this appeal reasoned that movant's previous motion (filed May 3, 1972 and ruled May 24, 1972) was filed pursuant to § 222.080, RSMo 1969 (now repealed but applicable to the instant proceedings), and was not self-proving. The 27.26 court further found that there was no evidence adduced at the 27.26 hearing relative to the previously ruled motion. The 27.26 court then observed that the record regarding the May 24, 1972 dismissal was silent as to

whether said dismissal was with or without prejudice. The 27.26 trial court further found that there was nothing upon the record, and no evidence was introduced, which revealed that movant requested in writing a disposition of the charges pursuant to Chapter 222. The 27.26 trial court then found that movant's allegations relative to double jeopardy were without any foundation, and that the plea entered by movant on November 5, 1981 to the reduced charge of manslaughter was not the result of movant being placed in jeopardy.

The action of the trial court in ruling movant's motion on May 24, 1972 goes wanting for failure to designate the dismissal as with or without prejudice. However, the motion was based upon § 222.080. When the trial court sustained movant's motion to dismiss on May 24, 1972, that brought to an end the proceedings upon the information against movant. Whether the dismissal was declared to be with or without prejudice has nothing to do with it, because § 222.080 provides that a dismissal entered thereon is a dismissal with prejudice.

The judgment is reversed, and the conviction and sentence of movant pursuant to his plea of guilty under date of November 5, 1981 to the charge of manslaughter are vacated. This ruling should not be construed or interpreted in any manner as affecting or disposing of other criminal charges or sentencing, whether pending or imposed, if any, involving this movant.

All concur.