**Michael Ray MENEES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13950.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 27, 1985.

Beth L. Moutrie, Sp. Asst. Public Defender, Doniphan, for movant-appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26 seeking to vacate convictions of burglary and stealing following pleas of guilty. After an evidentiary hearing the trial court made detailed findings and denied the motion.

On appeal movant contends that the trial court erred in finding that his guilty pleas were knowingly, intelligently and voluntarily entered, because the evidence established that movant entered the pleas through coercion caused by fear of being represented by inadequate counsel.

Other than movant's testimony there is no indication of the coercion claimed. At the time the pleas were entered movant stated he was satisfied with the services that were rendered by his attorney and apologized to her "for the trouble I put you through." Later he wrote the attorney from prison saying he was satisfied with her legal services and "you did all you could for me."

Movant had to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Appellate review is to determine whether the trial

court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j). Movant's testimony was contradicted, but even if uncontradicted, the trial judge could have disbelieved it. *Mansfield v. State*, 625 S.W.2d 214, 215 (Mo.App.1981). Assessing the credibility of the witnesses was for the trial court. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

■ The trial judge found no coercion for the plea and that it was knowingly, intelligently and voluntarily entered. That finding was supported by the evidence.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.