William Junior REEVES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 37776.

Missouri Court of Appeals,
Western District.

Jan. 20, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1987.

Application to Transfer Denied
April 14, 1987.

Lewis Z. Bridges, Lake Ozark, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and
KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The movant-appellant William Junior Reeves pled guilty to manslaughter and was sentenced to ten years imprisonment. Reeves filed a postconviction motion under Rule 27.26, claiming (1) the manslaughter charge was barred by the statute of limitations, (2) his guilty plea was involuntary, and (3) he was denied his right to a speedy trial. After a hearing, the trial court denied the 27.26 motion and Reeves appeals. This court affirms.

The facts in this case are somewhat unusual because of lengthy prosecution delay and the involvement of a second homicide charge against Reeves. Reeves was charged with first degree murder in Miller County in 1969 (from which stems this appeal), and then charged with first degree murder in 1970 in Maries County. The Maries County case was subsequently transferred to Cole County and will hereafter be referred to as the Cole County case. Both crimes allegedly occurred in 1968. In 1981, the two charges were reduced to manslaughter pursuant to a negotiated plea bargain. After pleading guilty to both manslaughter charges in 1981, Reeves was sentenced to ten years on each charge, to run concurrently. The Cole County conviction was reversed by this court in *Reeves v. State*, 659 S.W.2d 335 (Mo.App.1983). Again, it is the Miller County conviction which is the subject of Reeves' present 27.26 motion for postconviction relief. The chart below shows the procedural history of both cases.

1968 Both crimes committed.

1969 Reeves charged with first degree murder in Miller County.

1970 Reeves charged with first degree murder in Maries (later moved to Cole) County.

1972 Cole County charge dismissed.

1980 New information filed in Cole County case charging Reeves with first degree murder.

7–23–81 Miller County charge nolle prossed and new charge of first degree murder filed in Miller County.

11–5–81 Reeves pleads guilty to reduced charge of manslaughter in Cole County case pursuant to plea bargain. Reeves sentenced to ten years.

11–20–81 Miller County murder charge amended to manslaughter pursuant to plea bargain. Reeves pleads guilty and is sentenced to ten years to run concurrently with Cole County conviction.

1982 Reeves files 27.26 motion in Miller County case.

1983 Cole County conviction reversed in *Reeves v. State, supra,* for the reason the 1972 dismissal of that charge was determined to be with prejudice, depriving the court of jurisdiction to entertain the 1981 guilty plea.

1984 Reeves files amended 27.26 motion, alleging (1) His prosecution was barred by the statute of limitations, (2) His guilty plea was involuntary, (3) He was denied his right to a speedy trial.

1985 Trial court denies Reeves' 27.26 motion.

■ Before considering the merits of Reeves' appeal, this court initially notes that Reeves' arguments are properly brought under Rule 27.26. Rule 27.26 provides in part:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this state or the United States, or that the court imposing such sentence was without jurisdiction to do so ... may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same.

The purpose of the rule is to correct constitutional and other serious errors and to protect against convictions which violate fundamental fairness. *Futrell v. State,* 667 S.W.2d 404, 408 (Mo. banc 1984); *Hudson v. State,* 552 S.W.2d 244, 246 (Mo.App. 1977). The rule can not be used as a substitute for a direct appeal involving mere trial errors, or as a substitute for a second appeal and can not be used as a vehicle for relitigating guilt or innocence. *Wilhite v. State,* 614 S.W.2d 33, 34 (Mo. App.1981). Here, Reeves' claims concerning speedy trial rights, the voluntariness of

his guilty plea and the statute of limitations allege fundamental error under the Missouri and United States Constitutions and laws of this state. His claims are therefore cognizable in a 27.26 proceeding. *Skelton v. State,* 578 S.W.2d 323 (Mo.App. 1979) (speedy trial issue considered in 27.26 action), *Hulstine v. State,* 533 S.W.2d 228 (Mo.App.1975) (question whether guilty plea was voluntary considered). This court's review in a Rule 27.26 appeal is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Neal v. State,* 669 S.W.2d 254, 259 (Mo.App.1984).

Reeves' first point is that his conviction is barred because it violates the three year statute of limitations for manslaughter. The statute of limitations for manslaughter in effect at the time of Reeves' crime, § 541.200 RSMo 1969 (now repealed) provides:

> No person shall be tried, prosecuted or punished for any felony ... unless an indictment or information be filed for such offense within three years after the commission of such offense ...

Because the crime occurred in 1968 and the manslaughter information was not filed until 1981, Reeves claims his conviction is barred under § 541.200.

Although § 541.200 is applicable here, so is § 541.230 RSMo 1969 (now repealed) which provides:

> When an indictment or prosecution shall be quashed, set aside or reversed, the time during which same is pending shall not be computed as part of the time limitation for the offense.

In this case, Reeves was first charged with murder in 1969. That charge was nolle prossed in 1981 and the same day a second information, also charging Reeves with first degree murder, was filed. Four months later this information was amended to a charge of manslaughter. Two key questions then arise: (1) Is a nolle prosequi the equivalent of a prosecution quashed, set aside or reversed under § 541.230 and, (2) If so, does § 541.230 only toll the statute for the charge nolle prossed and refiled, (in this case murder) or does it also

toll the statute for the amended charge of manslaughter?

■ The first question is answered by *State v. Bullington,* 680 S.W.2d 238 (Mo. App.1984). There, the defendant was charged in 1977 for a 1977 crime. The applicable statute of limitations was three years. In 1981, a new indictment on the same charges was returned and the original indictment was nolle prossed. The defendant, after being convicted, claimed error because the 1981 indictment was filed more than three years after the 1977 crime. *Id.* at 239–240.

The *Bullington* court found that § 541.-230 tolled the statute in 1977. This was so because a nolle prosequi was the equivalent of a prosecution quashed, set aside or reversed under the statute. The court concluded that the defendant "must be denied his entitlement to rely upon a bar of the three year statute of limitations." *Id.* at 240.

■ *Bullington* indicates the nolle prosequi of the 1969 murder charge tolled the statute of limitations at least as to that charge. However, since there is no limitation period for murder under § 541.190 RSMo 1969 (now repealed) and since Reeves was ultimately convicted of manslaughter, *Bullington* does not completely resolve the issue here. The next question is whether the nolle prosequi of the 1969 murder charge tolled the statutory period for the amended charge of manslaughter. *State v. Lamar,* 213 Mo.App. 306, 249 S.W. 654 (1923) is helpful on this point.

In *Lamar,* the defendant was charged with bribery in a 1922 indictment for a 1921 offense. That indictment was later quashed and an information charging the compounding of a misdemeanor was filed. The information was filed after the one year limitation period had expired. The defendant claimed the statute barred his prosecution while the state argued the statute was tolled under § 3740, R.S. 1919, the identical predecessor to § 541.230, when the bribery indictment was filed. *Id.* 249 S.W. at 654–55.

The court found the statute was tolled. The fact that bribery was charged in the indictment and the compounding of a misdemeanor charged in the subsequent information did not make § 3740 inoperable. Rather, the charges against the defendant in the indictment and information were both misdemeanors, were based upon the identical unlawful act of defendant and contained essentially the same statement of facts. This similarity was enough to suspend the statute of limitations for compounding of a misdemeanor when the bribery indictment was filed. *Id.* at 656.

Other authorities are in agreement with *Lamar:*

> In order for an indictment that has been quashed, set aside or otherwise disposed of, to have the effect of suspending the running of the statute against the offense during the time elapsing until a new indictment is preferred, the new indictment must charge the same defendant and *substantially the same offense.* (Emphasis added.) 21 Am.Jur.2d § 233 at 420.

In *State v. Pryor,* 134 S.W.2d 1083 (Mo. App.1939), the court also premised its analysis upon the similarity of the offenses charged in multiple informations. In *Pryor,* the crime occurred in 1935. In 1936, an information was filed charging the defendant with fraud-felony. That information was later quashed and in 1937, a new information was filed charging the defendant with a misdemeanor—the making, uttering, drawing or delivering of a check with insufficient funds with intent to defraud. The defendant argued the one year statute of limitations barred his prosecution for the misdemeanor. The state claimed the statute was tolled when the felony information was filed. *Id.* at 1084.

The *Pryor* court sustained the defendant's motion to quash the second information. The court concluded that the two offenses were not the same, but based on entirely different statutes. Moreover, sufficient facts were not alleged in the second information to show the crime grew out of the identical act upon which the first information was based. Therefore, the "original information did not toll the statute of limitations and the offense charged in the amended information became barred at the end of the statutory period of one year." *Id.* at 1085.

In this case, Reeves was charged with first degree murder in 1969, again charged with murder in 1981 and ultimately charged with manslaughter after the 1981 information was amended. Is there enough similarity between the manslaughter and murder charges to toll the statute in 1969? This court believes so. First, manslaughter is a lesser-included offense of first degree murder under § 565.025 RSMo Supp.1984. The two offenses are thus connected by statute. Both deal with a homicide and in this case, both charges grew out of the identical act by Reeves. The criminal act did not change when the information was amended, only Reeves' degree of culpability for that act. Moreover, under Rule 23.08, an information amended to charge a lesser-included offense does not charge a "different" offense. *State v. Amerson,* 661 S.W.2d 852 (Mo.App.1983); *State v. Priest,* 660 S.W.2d 300 (Mo.App. 1983). Rule 23.08 provides in part:

> Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if defendant's substantial rights are not thereby prejudiced.

A lesser-included offense is not a "different" offense under 23.08 and it should not be a different offense for the purposes of § 541.230. The murder and manslaughter charges are simply too interrelated to avoid the operation of § 541.230. Finally, the particular circumstances here warrant suspending the statute. The murder charge was amended to manslaughter pursuant to a negotiated plea bargain. Had the charge remained murder, Reeves would have no statute of limitations defense under § 541.- 190. Reeves suffered no prejudice when he pled guilty to the lesser offense. In sum, the three year statute of limitations

was tolled between 1969 and 1981 and thus the 1981 manslaughter charge was not barred.

■ Reeves' second point is that his guilty plea was involuntary because it was "irrevocably tied" with his plea in the Cole County case. Reeves apparently claims he would not have pled guilty to the Miller County charge had he known the Cole County case would be reversed. A guilty plea must be knowingly, intelligently and voluntarily made. *Menees v. State*, 693 S.W.2d 334, 335 (Mo.App.1985). It is the task of the trial court to ensure that guilty pleas are made voluntarily. *State v. Acton*, 665 S.W.2d 618, 620 (Mo. banc 1984). The trial court found that Reeves' plea was voluntary. Reeves' statements in the court below that the plea was involuntary were, according to the court "self-serving and negated by movant's statements, under oath, at the time of his plea of guilty." Assessing the credibility of Reeves' testimony is for the trial court and this court does not find the trial court's conclusions to be clearly erroneous. *Menees, supra.* Moreover, the fact of hindsight, where Reeves' conviction in Cole County was reversed, does not establish that Reeves' plea was involuntary when made. Their second point is denied.

■ Reeves' final point is that he was denied his right to a speedy trial under the Missouri and United States Constitutions. However, this argument is foreclosed by Reeves' guilty plea:

> A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional procedural and constitutional infirmities, if any, in any prior stage of the proceeding. *Skelton v. State*, 578 S.W.2d 323, 325 (Mo. App.1979).

A denial of a defendant's right to a speedy trial forms no basis for relief following a plea of guilty. *State v. Abram*, 634 S.W.2d 538, 539 (Mo.App.1982); *Hulstine v. State*, 533 S.W.2d 228 (Mo.App.1975) (the right to

a speedy trial is waived upon a plea of guilty). Reeves' final point is denied.

The judgment is affirmed.

All concur.