STATE of Missouri, Respondent,

v.

Glenn E. ROTTER, Appellant.

No. WD 53641.

Missouri Court of Appeals,
Western District.

Dec. 9, 1997.

Rehearing Denied Jan. 27, 1998.

Chris Jordan, Waltz & Jordan, Jefferson City, for appellant.

Robert R. Sterner, Pros. Atty., Callaway County, Mikeal R. Louraine, Asst. Pros. Atty., Fulton, for respondent.

Before ULRICH, C.J.,P.J., and SMART and ELLIS, JJ.

ULRICH, Chief Judge, Presiding Judge.

Glenn E. Rotter appeals his convictions following bench trial for driving while intoxicated, section 577.010, RSMo 1994, failure to keep right, section 304.015.2, RSMo 1996, and a term of fifty days in the Callaway County jail and a fine of $100.00. Mr. Rotter raises four issues on appeal. He contends that (1) the trial court lacked jurisdiction; (2) the trial court erred in admitting the first amended information at trial; (3) there was insufficient evidence to convict him of DWI; and (4) insufficient evidence was presented to convict him of failure to keep right. The conviction for violating section 557.010, RSMo, Driving While Intoxicated, is affirmed. The conviction for failing to drive upon the right half of the roadway, section 304.015.2, is reversed.

## FACTS

On February 12, 1995, Holts Summit, Missouri Police Officer Andre L. Cook observed that a car driven by Mr. Rotter was traveling at a high rate of speed. Officer Cook followed Mr. Rotter's car for approximately one-half mile and observed the car cross the center line three times. Mr. Rotter drove the car back into the right hand lane each time the car crossed the center line. Officer Cook testified that there was a bank on the right side of the roadway that if hit could cause a car to bounce back into the roadway depending on one's driving ability. Officer Cook stopped Mr. Rotter and recognized the odor of alcohol on Mr. Rotter's breath. Officer Cook noticed Mr. Rotter's eyes were watery. When Mr. Rotter exited his vehicle at Officer Cook's direction, the police officer noticed that his balance was unsure.

Officer Cook subjected Mr. Rotter to several sobriety tests. The first field sobriety test was a gaze nystagmus test that required Mr. Rotter to focus on Officer Cook's finger without moving his head to watch Officer Cook's finger as the officer moved it on a horizontal plane. Officer Cook testified the gaze nystagmus test has six indicators of inebriation and that Mr. Rotter manifested all six indicators.

The second field sobriety test administered was a one leg stand test which involved having Mr. Rotter stand with his heels and toes together and with his arms at his side. Mr. Rotter was then required to lift one leg approximately six inches off the ground, point his toe, look at his toe and count to thirty by "one thousands." Mr. Rotter swayed before the test began when his heels and toes were together. While performing the test, Mr. Rotter lost his balance, had to stop at eighteen and did not finish the test.

The last field sobriety test was the walk and turn test. Mr. Rotter was required to take nine steps forward touching heel to toe and counting aloud each step. Mr. Rotter then had to turn around in a specific way and take nine steps back to the original starting place. Mr. Rotter did not touch heel to toe on any steps, used his arms, had trouble with balance and did not complete the test. Mr. Rotter then used vulgarities and stated that he was not going to perform any more tests. Based on Mr. Rotter's performance on the field sobriety tests, Officer Cook determined Mr. Rotter was intoxicated and placed him under arrest. Officer Cook had made approximately fifty prior Driving While Intoxicated (DWI) arrests; some of those fifty persons were tested and found to be under the legal limit.

Officer Cook took Mr. Rotter to the Callaway County Jail and read him the Missouri Implied Consent Law. At the conclusion of Officer Cook reading the Implied Consent to Mr. Rotter, Officer Cook asked Mr. Rotter to submit to a breath test. Mr. Rotter refused. The Department of Revenue suspended Mr. Rotter's license based on this refusal. Officer Cook charged Mr. Rotter with municipal violations of speeding, failure to maintain the right side of the roadway and DWI. Officer Cook did not issue any summons to Mr. Rotter in regard to a state violation of DWI or failure to keep right.

On March 9, 1995, Mr. Rotter filed a Petition for Review with the Callaway County Associate Circuit Court to contest the Department of Revenue suspension. The Department of Revenue stipulated that the warning given to Mr. Rotter did not comply with the applicable law, *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995),

*overruled, Teson v. Director of Revenue,* 937 S.W.2d 195 (Mo. banc 1996). The court granted Mr. Rotter's Petition for Review and found, based on the parties' stipulation, that Mr. Rotter did not refuse to take the breath test. The court ordered the Department of Revenue to remove the suspension from Mr. Rotter's record.

Holts Summit Municipal Attorney, Keith Wenzel, requested the Callaway County Prosecuting Attorney's Office to pursue charges against Mr. Rotter on June 8, 1995. Mr. Wenzel informed the Prosecuting Office that the charges pending against Mr. Rotter in Holts Summit were being dismissed. The State of Missouri filed charges against Mr. Rotter on June 16, 1995. The charges against Mr. Rotter pending in the Holts Summit Municipal Court were formally dismissed on June 28, 1995.

Mr. Rotter filed a motion to dismiss the original information for lack of jurisdiction. Mr. Rotter contended that the court lacked subject matter jurisdiction under section 545.010, RSMo 1994, because the information was filed and summons issued while the Holts Summit Municipal Court had exclusive jurisdiction. Mr. Rotter argued that the municipal court retained jurisdiction until June 28, 1995, when the charges against Mr. Rotter were dismissed.

Mr. Rotter's case went to trial on March 21, 1996. At the commencement of the trial, Callaway County Assistant Prosecutor, Mikeal R. Louraine filed an amended information. The amended information amended Count I of the original information from a class A misdemeanor of DWI to a class B misdemeanor of DWI and amended Count II from failure to drive in a single lane to failure to keep right. Mr. Rotter objected that the amended information was defective because the arresting officer did not issue any summons for a state law violation and because the amended information was neither based on the prosecutor's personal knowledge nor verified. Mr. Rotter also objected to the introduction of evidence concerning his refusal to take a breath test. Mr. Rotter argued that the prior civil judgment of the Associate Circuit Court of Callaway County that Mr. Rotter did not refuse to take the test estopped the state from introducing evidence that Mr. Rotter refused to take the test.

On May 9, 1996, the trial court found Mr. Rotter guilty on both counts. Mr. Rotter was sentenced to fifty days in the Callaway County Jail for the DWI and a fine of $100 for failure to drive on the right side of the roadway. The court denied Mr. Rotter's motion for a new trial. This appeal followed.

## I. WHETHER THE TRIAL COURT LACKED JURISDICTION

Mr. Rotter first argues that the trial court lacked jurisdiction to adjudge the charges against him because the Holts Summit Municipal Court had exclusive jurisdiction over him at the time the original information was filed in Callaway County. Section 545.010, RSMo 1994, governs the jurisdiction of courts to consider charges against a defendant. It states:

All felonies shall be prosecuted by indictment or information, except in cases arising in the land, air or naval forces, or in the militia as provided in section 40.005 to 40.490, RSMo; and all misdemeanors shall be prosecuted by indictment or information in the courts having jurisdiction thereof. But that mode of procedure which shall be first instituted by the filing of the indictment or information for any offense shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined; and the court in which the prosecution shall be first commenced by the filing therein of the indictment or information, and the issuing of a warrant thereon, shall retain jurisdiction and control of the cause to the exclusion of any other court, so long as the same shall be pending and undisposed of; provided, that misdemeanors for violation of general laws of this state shall in no case be prosecuted in any police or recorder's court, any provision of any special city charter to the contrary notwithstanding; provided, that the last mentioned provision of this section shall not apply to cities having a population of not less than fifty thousand and not

exceeding three hundred thousand inhabitants.

§ 545.010, RSMo 1994.

■ Mr. Rotter's argument fails because it assumes, incorrectly, that section 545.010 regulates all arrests for driving with excessive blood alcohol. The clear, unambiguous language of section 545.010 limits the applicability of that section to arrests for felonies and misdemeanors prosecuted by information or indictment. Section 545.010 does not purport to regulate arrests under municipal ordinances. Furthermore, municipal violations cannot be said to be either felonies or misdemeanors. *Strode v. Director of Revenue,* 724 S.W.2d 245, 247 (Mo. banc 1987). Because section 545.010 is not applicable to the municipal violations, the Holts Summit Municipal Court did not have exclusive jurisdiction over Mr. Rotter. The state, therefore, remained free to charge Mr. Rotter with state violations of DWI and failing to drive on the right side of the roadway.

■ Mr. Rotter also suggests that the state's filing of charges against him while the charges filed in the Holts Summit Municipal Court were still pending constituted double jeopardy. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This provision protects Mr. Rotter from subsequent prosecutions and multiple punishments for the same offense after an acquittal or conviction. *State v. Scott,* 933 S.W.2d 884, 887 (Mo.App.1996). A municipality is created by the state sovereign and is an extension of the state. *Waller v. Florida,* 397 U.S. 387, 393, 90 S.Ct. 1184, 1187–88, 25 L.Ed.2d 435 (1970). Thus, a municipal conviction of a DWI charge would bar a state prosecution of a DWI. *Id.* at 388, 90 S.Ct. at 1185; *Weaver v. Schaaf,* 520 S.W.2d 58, 66 (Mo. banc 1975). Mr. Rotter, however, was never prosecuted for the municipal violations of DWI; the municipality declined to prosecute the municipal ordinance violations against Mr. Rotter to allow

the state to pursue the DWI violation utilizing the available state statute. Because Mr. Rotter was never prosecuted by the Holts Summit Municipal Court, the prosecution by the state of Mr. Rotter did not result in double jeopardy. Point one is denied.

## II. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE FILING OF THE AMENDED INFORMATION

Mr. Rotter next argues that the trial court erred by allowing the filing of the amended information. He first contends that Count II of the amended information, which was filed more than one year after his arrest, is barred by the statute of limitations because it charged a new misdemeanor offense, failure to keep right.[1]

■ The statute of limitations for a misdemeanor violation is one year. § 556.036.2(2), RSMo 1994. Under section 556.036 the period of limitations is tolled "[d]uring any time when the prosecution against the accused for the offense is pending in this state." § 556.036.6(3), RSMo. A prosecution is not tolled, however, where the charges alleged in an amended information constitute a "different" offense. *Reeves v. State,* 726 S.W.2d 366, 369 (Mo.App.1987); *State v. Priest,* 660 S.W.2d 300, 307 (Mo.App.1983).

■ Analysis of the original and amended information reveal that Count II of the amended information is not barred by the statute of limitations. The original information which alleged failure to drive in a single lane, section 304.015, was filed on June 16, 1995, within the one year statute of limitations imposed by section 556.036. The filing of the original information had the effect of tolling the one year statute of limitations for the section 304.015 offense. Count II of the amended information also alleged a violation of section 304.015. While the amended information changed the description of the section 304.015 offense from failure to drive in a single lane to failure to keep right, the de-

---

1. Mr. Rotter also contends that because the trial court lacked jurisdiction when the original information was filed, the statute of limitations was not tolled and thus, the first amended information was filed beyond the one-year statute of limitations. However, as explained in part I, *supra,* the trial court did have jurisdiction over the original information filed on June 16, 1995. The amended information, therefore, cannot be challenged on those grounds.

scriptive change did not result in Mr. Rotter being charged with a "different" offense because at all times he remained charged with a section 304.015 violation for the same conduct. Because the change in the description of the section 304.015 offense did not refer to a different criminal act for which Mr. Rotter was charged, Count II of the amended information was filed within the one year statute of limitations.

Mr. Rotter next argues that the trial court erred in permitting the amended information because it was neither verified nor based on the prosecutor's personal knowledge. Rule 23.01 and Rule 21.01 govern the sufficiency of informations. Rule 23.01 states "[t]he indictment or information shall be in writing signed by the prosecuting attorney, and filed in the court having jurisdiction of the offense." RULE 23.01. Rule 21.02 states that, "[t]he prosecuting attorney may file an information charging the commission of a misdemeanor based either upon his own knowledge or information and belief, or upon a verified complaint." RULE 21.02.

■ The amended information filed against Mr. Rotter satisfied the mandates of Rule 23.01 and Rule 21.01. As required by Rule 23.01, the amended information was in writing and signed by the prosecuting attorney. As required by Rule 21.01, the prosecutor stated on the amended information that the matters alleged in the amended information were "true to his best information and belief." Contrary to Mr. Rotter's contention, the fact that this was not verified does not affect the validity of the information under Rule 21.01. The mandates of Rule 21.01 are satisfied where any one of three conditions are met: (1) the information is based on the prosecutor's own knowledge; (2) the information is based on the prosecutor's information and belief; or (3) the information is verified. The requirements of Rule 21.01, therefore, were satisfied when the prosecutor stated that the matters were true to his information and belief. Because the amended information satisfied the requirements of Rule 21.01 and Rule 23.01, the trial court did not err in permitting the prosecutor to file the amended information. Point two is denied.

## III. THE SUFFICIENCY OF THE EVIDENCE TO CONVICT MR. ROTTER OF DWI

As his next issue on appeal, Mr. Rotter argues insufficient evidence was presented to convict him of a DWI, section 577.010, RSMo. In support of this contention, Mr. Rotter argues that the trial court erred in admitting evidence of his failure to submit to a breath test because the state had stipulated during his license revocation hearing that he had not refused to submit to a breath test. Mr. Rotter argues that without the presumption of intoxication that results where a person refuses to submit to a breath test, the state lacked sufficient evidence to convict him of DWI.

Section 302.505 deals with the procedure for suspending or revoking the driver's license of a person who is arrested upon probable cause to believe that the person was driving a motor vehicle with a blood alcohol concentration in excess of the lawful limits. § 302.505, RSMo 1996. Section 302.505.2 provides that the department shall determine the facts on the basis of the report of the law enforcement officer unless a hearing is requested and held, in which event the department makes a final determination on the basis of the evidence received at the hearing. § 302.505.2, RSMo. Section 302.505.3 provides that "[t]he determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence." § 302.505.3, RSMo.

■ Missouri courts hold, for collateral estoppel purposes, that no relationship exists between a determination of fact in a criminal case and a determination of fact made in an administrative proceeding under section 302.505. *See State v. Warfield*, 854 S.W.2d 9, 11–12 (Mo.App.1993) (holding administrative finding that defendant was not the driver of the car did not have collateral estoppel effect in criminal action); *Humbert v. Benton*, 811 S.W.2d 501, 502 (Mo.App.1991) (holding that finding in criminal action that probable cause existed to arrest defendant for DWI did not have collateral estoppel effect in administrative action); *Lock v. Director of Revenue*, 767

S.W.2d 385, 386 (Mo.App.1989) (holding that administrative finding that defendant drove with blood alcohol content in excess of legal limit was not affected by criminal charges filed against defendant); *Meeh v. Director of Revenue*, 741 S.W.2d 866, 868 (Mo.App.1987) (holding that defective information in administrative hearing did not affect validity of criminal action); *State v. Purvis*, 739 S.W.2d 589, 591 (Mo.App.1987) ("The operation of a motor vehicle while under the influence of alcohol gives rise to separate and independent proceedings, one civil and one criminal, and the outcome of one proceeding is of no consequence to the other").

 The state stipulated at the administrative level that Mr. Rotter did not refuse to take a breath test. The state's stipulation occurred because the Implied Consent Warning given to Mr. Rotter was deficient under *Logan v. Director of Revenue*, 906 S.W.2d 888 (Mo.App.1995), and hence, no administrative suspension could have been imposed. In Mr. Rotter's criminal action, however, the state did not stipulate to a no refusal and instead, presented evidence that Mr. Rotter had refused to consent to a breath test. Missouri law is clear that the state's stipulation and resulting administrative determination of no refusal was binding neither on the state nor on the trial court. The trial court, therefore, did not err in finding that the administrative finding did not have collateral estoppel effect in Mr. Rotter's criminal trial.

Having determined that the trial court could properly consider if Mr. Rotter consented to the breath test, whether the evidence was sufficient to support the trial court's decision that Mr. Rotter was guilty of DWI must be determined. In testing the sufficiency of evidence, all evidence and inferences reasonably drawn from the evidence are viewed in the light most favorable to the verdict, and contrary evidence and inferences are disregarded. *State v. West*, 939 S.W.2d 399, 401 (Mo.App.1996). Review of the sufficiency of evidence is limited to a determination of whether the evidence was sufficient for reasonable persons to have found the defendant guilty as charged beyond a reasonable doubt. *Id.*

 Viewing the evidence in the light most favorable to the verdict, the evidence established beyond a reasonable doubt that Mr. Rotter operated his motor vehicle with a blood alcohol level in excess of the legal limit. The trial judge was entitled to find, based on Officer Cook's testimony, that Mr. Rotter refused to submit to a breath test and to consider this refusal as evidence of his intoxication. Additionally, Mr. Rotter was stopped due to his inability to maintain his vehicle on the right side of the roadway. Mr. Rotter smelled of alcohol and was unable to keep his balance when he exited his car. Mr. Rotter failed all three field sobriety tests administered by Officer Cook, and he then refused to submit to any more field sobriety tests. Officer Cook testified that he had arrested over fifty persons for DWI and that, in his opinion, Mr. Rotter was intoxicated. The evidence, therefore, was sufficient for the trial court to find that Mr. Rotter was guilty of DWI. Point three is denied.

## IV. THE SUFFICIENCY OF THE EVIDENCE TO CONVICT MR. ROTTER OF FAILURE TO DRIVE ON THE RIGHT HALF OF THE ROADWAY

As his final issue on appeal, Mr. Rotter argues that insufficient evidence was presented to convict him of failing to drive on the right side of the roadway, section 304.015, RSMo. Specifically, Mr. Rotter contends that because section 304.015.2 does not require one to maintain the person's vehicle as close to the right side of the roadway as practicable as alleged by the state in the amended information, he could not have violated the statute as charged.

Section 304.015 requires that "[u]pon all public roads or highways of sufficient width a vehicle shall be driven upon the right half of the roadway ..." § 304.015.2, RSMo 1996. The pertinent part of Count II of the amended information states: "defendant, ... in violation of Section 304.015.2, RSMo, committed the misdemeanor of failure to keep right ... in the County of Callaway, ... [in that the defendant] drove a motor vehicle on a public roadway of sufficient width ... and at the time of driving said vehicle he did fail to keep said motor vehicle as near the right

hand side of the highway as practicable...." The essence of Mr. Rotter's complaint is that the statute did not compel him to drive his vehicle "as near the right side of the highway as practicable" as charged in the amended information. The theme of his argument is that the information fails to state a violation of the statute, section 304.015.2, and the evidence does not support a finding that he violated the law, even had a violation of the statute been properly stated. Mr. Rotter asserts that he operated his vehicle on the "right side" of the road, as required by the statute, except for the three incidents of crossing the centerline as testified by Office Cook.

■ The charging document is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charge, and enables the defendant to plead double jeopardy as a bar to future prosecution for the same offense. *State v. Boyd,* 927 S.W.2d 385, 389–90 (Mo.App. W.D. 1996). The offense charged failed to assert an essential element of the offense of section 304.015.2. The charge did not claim that Mr. Rotter failed to drive the motor vehicle he was then operating upon the right half of the roadway. Driving the vehicle "as near the right hand side of the highway as practicable" may state conduct that would have prevented violating section 304.015.2 had such conduct occurred at the time of the alleged violation, but failing to drive the vehicle he was operating in such manner did not constitute the offense defined by the statute. Whether Mr. Rotter's conduct of crossing the center line of the roadway constituted a violation of 304.015.2 need not be addressed because the offense of violating section 304.015.2 was not properly charged. The point is granted.

The conviction for violating section 557.010, RSMo, Driving While Intoxicated, is affirmed. The conviction for failing to drive upon the right half of the roadway, section 304.015.2, is reversed.

All concur.