STATE of Missouri, Plaintiff–
Respondent,

v.

Calvin CORLEY, Defendant–Appellant.

No. 28249.

Missouri Court of Appeals,
Southern District,
Division II.

May 7, 2008.

Matthew Ward, Columbia MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. (JEFF) Bartholomew, Jefferson City MO, for respondent.

DON E. BURRELL, Judge.

Calvin Corley ("Defendant") appeals his conviction for assault in the second degree, a violation of section 565.060.[1]

On February 20, 1998, Defendant drank some beer at a party. Defendant left the party with Rebecca Kirn[2] ("Kirn"), his girlfriend at the time, and was driving her car. At some point, Defendant passed another vehicle at a high rate of speed. Shortly thereafter, Defendant approached a curve too fast and lost control of the car. The vehicle left the roadway and hit a tree. Kirn suffered various injuries to her legs and a four inch cut on her head. As a result of the injuries she suffered in the car crash, Kirn underwent surgery in which a metal rod was placed in her right leg and pins were placed in her left ankle.

On July 17, 1998, Defendant was charged with one count of second degree felony assault. The information charged that Defendant

> in violation of Section 565.060 ... committed the class C felony of assault in the second degree ... in that on or about February 20, 1998 ... the defendant, while in an intoxicated condition or under the influence of controlled substances or drugs, operated a motor vehicle and acted with criminal negligence to cause physical injury to [Kirn].

This charge against Defendant was dismissed without prejudice on March 31, 2003. On April 29, 2004, the State filed a new information ("second information") that included as Count I the same second degree assault charge that had been previously dismissed, but also added a second, alternative count of second degree felony assault as Count II. Count II charged that Defendant

> in violation of Section 565.060 ... committed the class C felony of assault in the second degree ... in that on or about February 20, 1998 ... the defendant recklessly caused serious physical injury to [Kirn] by operating a motor vehicle at an excessive rate of speed, crossing the center line failing to negotiate at [sic] curve, losing control of the motor vehicle; leaving the traveled portion of the highway and striking a tree with the motor vehicle in which [Kirn] was a passenger.

Prior to trial, Defendant had filed a motion to dismiss the information based on an allegation that the "case" was barred by section 556.036 (the applicable three year statute of limitation). The trial court denied the motion. At trial—after opening statements and during the testimony of the State's first witness—Defendant once again asked the court to reconsider its earlier ruling and dismiss "the case" because the statute of limitation had run. The court stood on its earlier ruling and denied Defendant's renewed request that "the case" be dismissed.

---

1. Unless otherwise noted, all references to statutes are to RSMo (1994).

2. At the time of these events, Rebecca Kirn's surname was Lisenbe. She has since married and we use her current legal name of Kirn.

After a bench trial, the trial court announced that it found Defendant not guilty as to Count I but guilty as to Count II.

Defendant now appeals, alleging that the trial court erred by entering sentence and judgment against him on a count that was time-barred by section 556.036.

### Standard of Review

Whether or not a statute of limitation applies is a question of law and, therefore, our review of the trial court's decision is *de novo*. *State v. Rains*, 49 S.W.3d 828, 831 (Mo.App. E.D.2001).

### Analysis

A clerical error in the judgment requires us to remand the case with a direction that the trial court enter an amended judgment consistent with its announced verdict. The existing Sentence and Judgment enters a judgment and sentence as to Count I and makes no reference at all to Count II. "The failure to memorialize accurately the decision of the trial court as it was announced in open court [is] clearly a clerical error. 'Rule 29.12 permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission.'" *State v. Taylor*, 123 S.W.3d 924, 931 (Mo.App. S.D.2004) (quoting *State v. Booyer*, 87 S.W.3d 926, 931 (Mo.App. S.D. 2002)).

Section 556.036 creates a three year statute of limitation for the felony at issue. The limitation period does not run during any time period in which a prosecution against the accused for an offense is pending in the state. Section 556.036. A prosecution for an offense is pending once an information is filed. *Id.* However, the period will not be tolled for a "different offense" than the one stated in the original information. *State v. Rotter*, 958 S.W.2d 59, 63 (Mo.App. W.D.1997). Instead, the new information or indictment "must charge the same defendant and substantially the same offense" in order for the period of limitation to have been tolled during the time a prosecution was pending on the original information or indictment. *Reeves v. State*, 726 S.W.2d 366, 369 (Mo. App. W.D.1987).

Defendant admits that the limitation period for the Count I charge that was previously brought in the original information was tolled so that it did not expire. However, he alleges that the Count II charge (the alternative count added in the second information) charged a "different offense" and, therefore, its limitation period could not have been tolled by the filing of the original information.[3] Defendant argues—without citation to any authority—that although both counts in the information charged the class C felony of assault in the second degree under section 565.060, they were "two different crimes." Defendant urges us to apply a double jeopardy analysis in order to determine whether counts I and II should be considered "different of-

---

**3.** It should be noted that this is *not* the objection that was made to the trial court. In all of his various motions to dismiss, Defendant requested that the court dismiss "the case" because it was time-barred. As Defendant now impliedly admits, it would have been improper for the trial court to grant the specific relief requested—a dismissal of the entire case—because the statute of limitation was tolled at least as to Count I of the second information. Because Defendant now asserts for the first time that only alternative Count II should have been dismissed, it could be argued that the proper course of action would be to dismiss his appeal on that basis as "[a]n appellant is bound by the issues raised and arguments made in the lower court and may not raise new and totally different arguments on appeal." *Cook v. State*, 193 S.W.3d 378, 383 (Mo.App. S.D.2006) (citing *State v. Winfield*, 5 S.W.3d 505, 515 (Mo. banc 1999)). Respondent has not made such an argument, so we will proceed to address the merits of Defendant's claim.

fenses" for purposes of determining whether the Count II charge is time-barred by section 556.036. Defendant has cited us to no Missouri cases (and we can find none) that have applied a double jeopardy analysis to a statute of limitation question, and for good reason.

■ "Double jeopardy protection arises from article I, section 19 of the Missouri Constitution and from the Fifth Amendment of the United States Constitution." *State v. Hicks*, 221 S.W.3d 497, 505 (Mo. App. W.D.2007). The prohibition against double jeopardy serves to protect against three abuses: 1) being tried again for the same offense after being acquitted the first time; 2) being tried for the same offense after being previously convicted of that offense; and 3) multiple punishments for the same offense. *Id.*

■ Statutes of limitation, on the other hand, are legislative creations that "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they 'are made for the repose of society and the protection of those who may (during the limitation) ... have lost their means of defence'." *U.S. v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (quoting *St. Louis Public Schools v. Walker*, 9 Wall. 282, 76 U.S. 282, 288, 19 L.Ed. 576 (1869)). Statutes of limitation act as "the primary guarantee against bringing overly stale criminal charges." *Id.* As statutes of limitation have a different origin and purpose than the constitutional protection against double jeopardy, it is appropriate to apply a different analysis.

In *State v. Lamar*, 213 Mo.App. 306, 249 S.W. 654 (1923), the defendant was initially charged—via indictment—with bribery.[4] The indictment was later quashed and an information was filed which charged the defendant with compounding a misdemeanor. *Id.* The information stated that the defendant had knowledge of the commission of a larceny by another person and did "unlawfuly [sic] exact, take, receive, and have ... a certain valuable thing, to wit, a check for the sum of $50 ... he, [the defendant] then and there receiving said check under and upon the agreement and understanding ... that [defendant] would compound and conceal the said misdemeanor and abstain from any prosecution therefore and withhold the evidence thereof[.]" *Id.* at 654–55. The defendant argued that the original bribery charge contained in the indictment did not serve to toll the statute of limitation for the compounding a misdemeanor charge contained in the later filed information. *Id.* at 655. The *Lamar* court determined that the statute of limitation for the compounding a misdemeanor charge had been tolled by the bribery charge contained in the indictment. *Id.* at 656. In so holding, the court noted that the act constituting the offense was the same in both the indictment and information and that both charges were based on the identical alleged unlawful act of the defendant. *Id.* at 655–56. Additionally, the court stated that the information set out essentially the same facts as those charged in the indictment. *Id.* at 656.

In 1933, our court was again faced with this issue when a defendant claimed that an information originally charging him with making a false affidavit about the age of a child failed to toll the statute of limitation for an amended information which later revised the charge to that of making a false affidavit for the purpose of securing a marriage license. Neither information

---

**4.** Unfortunately, the charging language of the original indictment is not set forth in the court's opinion.

referred to a specific statute number and there was a disagreement between counsel as to what statute or statutes was or were at issue. *State v. Little*, 60 S.W.2d 83, 84 (Spr.Ct.App.1933). The original information charged that the defendant "did wilfully, [sic] unlawfully, and maliciously make a false affidavit ... as to the age of one May Lane, by alleging that the said May Lane was of the age of twenty-two years when in truth and in fact she was of the age of fifteen years[.]" *Id.* The amended information stated that the defendant

> did willfully, corruptly and falsely ... under oath voluntarily made a false affidavit, then and there knowing said affidavit to be false, for the purpose of securing a marriage license, as to the age of one May Lane by alleging in said affidavit that the said May Lane was of the age of twenty-two years when in truth and in fact she was of the age of fifteen years, and at the time of making said affidavit the defendant well knew that said May Lane was not of the age of twenty-two but to the contrary thereof was of said age of fifteen years[.]

*Id.* The court found that "the offense charged here" could be brought under a general statute which criminalized the making of any false statement before an officer authorized to administer oaths and that the statute of limitation had been tolled by the original information because it was not so different from the amended information so as to "charge a new and different offense." *Id.* at 84.

In *State v. Pryor*, 134 S.W.2d 1083 (Spr.Ct.App.1939), a defendant argued that an original information charging him with defrauding an individual did not serve to toll the statute of limitation for a later amended information which charged him with passing a bad check. The original information stated that the "defendant, on the ____ day of July, 1935, defrauded one Clyde Jones of five cattle and ten hogs, of the value of $383.68 and induced the said Jones to accept a worthless check for said amount." *Id.* at 1084. The amended information charged that the defendant

> on the ____ day of July, 1935, at the said County of Wright ... did then and there unlawfully and willfully, with the intent to defraud one Clyde Jones, make, utter, draw or deliver a certain check, drawn on the Citizens State Bank of Marshfield, Missouri, bearing date of July ____, 1935, whereby he ordered said bank to pay to the order of the said Clyde Jones the sum of $383.68, he, the [defendant], then and there well knowing at the time of said making, uttering, drawing or delivering that he did not have sufficient funds in or credit with said bank to pay said check upon its presentation[.]

*Id.* In finding that the statute of limitation was not tolled by the filing of the original information, the *Pryor* court noted that the charge contained in the amended information was a misdemeanor and was based on a separate statute than the felony charge alleged in the original information. *Id.* at 1085. The court also held that sufficient facts were not alleged in the amended information to demonstrate that the offense charged in the amended information arose out of the identical act or transaction upon which the original information was based. *Id.*

In *Reeves*, a defendant argued that an initial murder charge did not serve to toll the statute of limitation for a later brought charge of manslaughter. *Reeves v. State*, 726 S.W.2d 366 (Mo.App. W.D.1987). The court stated that, in order for an initial indictment to toll the statute of limitation for a charge contained in a later indictment, "the new indictment must charge the same defendant and substantially the same offense." *Id.* at 369. In rejecting the defendant's argument, the court noted

that the manslaughter charge grew out of the identical act referred to in the original murder charge, and that manslaughter was a lesser included alternative offense within the original murder charge. *Id.* According to the *Reeves* court, "the criminal act did not change when the information was amended, only [the defendant's] degree of culpability for that act." *Id.*

Finally, in 1997, a defendant argued that a charge of failure to drive in a single traffic lane did not toll the statute of limitation for an amended information which later charged him with "failure to keep right." *Rotter*, 958 S.W.2d at 62–63. In holding that the statute of limitation was tolled by the initial filing, the court noted that both charges arose out of violations of the same statute for essentially the same conduct. *Id.* at 63–4.

From these cases we can derive several key factors for a court to examine in attempting to determine whether a previously charged offense can serve to toll the applicable statute of limitation for a later charged offense. In determining for statute of limitation analysis purposes whether such charges constitute the "same offense," we look to see if: 1) the later information or indictment contains essentially the same facts as those included in the original charging document so as to demonstrate that the later charged offense arose out of the identical act or transaction; *Lamar*, 249 S.W. at 656; *Little*, 60 S.W.2d at 84; *Pryor*, 134 S.W.2d at 1085; 2) the charge contained in the later charging document is derived from the same statute as the original charge; *Pryor*, 134 S.W.2d at 1085; *Reeves*, 726 S.W.2d at 369; *Rotter*, 958 S.W.2d at 63–64; and, finally, 3) the later charged offense is a different level of criminal offense from that originally charged; *i.e.*, one a felony and one a misdemeanor. *Pryor*, 134 S.W.2d at 1085.

We now apply these factors to analyze the case at bar. It is certainly true that Count II contained some different factual allegations than those contained in Count I. Count I asserted that Defendant, while *"intoxicated"* or *"under the influence of controlled substances or drugs"*, had operated a motor vehicle and acted with *"criminal negligence"* to cause *"physical injury"* to Kirn. (emphasis added). Count II asserted that Defendant *"recklessly"* caused *"serious physical injury"* to Kirn by driving at an excessive speed, crossing the center line, failing to negotiate the curve, losing control of the motor vehicle, leaving the traveled portion of the highway, and striking a tree with the motor vehicle. (emphasis added). While Count II alleged different facts from those set forth in Count I, both counts arose out of the same occurrence—the automobile crash—and were charged under the same statute. Both counts also charged the same level of felony offense. And, although it is not a factor addressed in the cases we have reviewed, the State also charged these two counts in the alternative and Defendant was convicted of only one of the two charges brought against him.

We conclude that the charge contained in the original information was the "same offense" as the alternative charges brought against Defendant in the current information for purposes of determining whether the applicable statute of limitation was tolled by the original filing.

As the trial court's judgment finds Defendant guilty of Count I (instead of Count II) and imposes a sentence thereon, said judgment is reversed. The case is remanded to the trial court with a directive that it enter an amended judgment that acquits Defendant on Count I and enters judgment and sentence against him on alternative Count II as announced at trial.

In all other regards, the conviction is affirmed.

LYNCH, C.J., and BARNEY, P.J., Concur.