**STATE ex rel. Samuel STEELEY, Relator,**

v.

**The Honorable Kenneth OSWALD, Respondent.**

**No. SC 85731.**

Supreme Court of Missouri, En Banc.

Oct. 26, 2004.

Erik A. Bergmanis, Matthew C. Price, Camdenton, for Relator.

Roger M. Gibbons, Asst. Prosecuting Atty., Robert J. Seek, Prosecuting Atty., Tuscumbia, for Respondent.

## FACTS

RICHARD B. TEITELMAN, Judge.

Relator Samuel Steeley is charged with felony offenses of statutory rape in the second degree, section 566.034, RSMo 2000, statutory sodomy in the second degree, section 566.064, and incest, section 568.020. Relator's counsel made an oral motion to allow a certified court reporter to record the proceedings at relator's expense. Relator further agreed to provide the state with a free copy of the record. Respondent overruled the motion. Relator seeks a writ of prohibition to prevent the circuit court from overruling his motion to record the preliminary hearing.

## ANALYSIS

A writ of prohibition is appropriate whenever: 1) the trial court exceeds its personal or subject matter jurisdiction; 2) the trial court exceeds its jurisdiction or abuses its discretion to such an extent that it lacks the power to act as it did; or 3) there is no adequate remedy by appeal for the party seeking the writ and the "aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision [of the lower court]." *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 577 (Mo. banc 1994).

Relator is facing serious felony charges. Relator requested that the respondent allow him to make a record of the preliminary hearing so that relator could fully defend himself against the charges. Relator will suffer considerable hardship if he is prevented from recording the hearing. If the hearing is conducted but not recorded, relator will have been deprived of a key opportunity to develop his defense at trial and fully pursue possible avenues of appeal. Relator will, therefore, suffer considerable, irreparable hardship if a writ is not issued. It was an abuse of discretion for the respondent to deny relator the opportunity to, at his own expense, retain a certified court reporter to transcribe the preliminary hearing.

The preliminary writ of prohibition is made absolute.

WHITE, C.J., WOLFF and STITH, JJ., concur.

PRICE, J., concurs in separate opinion filed.

CALLAHAN, Sp.J., dissents in separate opinion filed.

LIMBAUGH, J., concurs in opinion of CALLAHAN, Sp.J.

RUSSELL, J., not participating.

WILLIAM RAY PRICE, JR., Judge, concurring.

I concur with the result reached by the majority, but I reach that conclusion for a different reason.

Samuel Steeley, the relator, was charged with three felonies. He is entitled to a preliminary hearing pursuant to section 544.250, RSMo 2000, which provides in pertinent part:

No prosecuting or circuit attorney in this state shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge in the county where the offense is alleged to have been committed in accordance with this chapter.

Steeley argues that the trial court erred in denying his motion to record the preliminary hearing at his expense.

"The sitting of every court shall be public and every person may freely attend the same." Sec. 476.170, RSMo 2000. A court proceeding may be closed to the public only in limited circumstances and only after certain procedures have been followed. *See State ex rel. Pulitzer, Inc. v. Autrey,* 19 S.W.3d 710, 713 (Mo.App.2000).

The trial court did not close the proceedings. Anyone would be permitted to attend, including the press. Ordinarily, persons attending a proceeding in open court can take notes, which does not differ substantively from creating a stenographic transcript of the proceeding. The trial court can make any necessary order to prevent an actual disruption of the proceeding. *See* Court Operating Rule 16.

In addition, without a transcript, there would be no record of the events that transpire at the hearing, the evidence admitted, or the testimony of the witnesses. Such a record could be used for purposes of impeachment, *see State v. Garner,* 103 S.W.3d 866, 870–72 (Mo.App.2003), or for seeking extraordinary review.

The trial court abused its discretion in attempting to preclude the relator from making a record of the proceeding. The scope of questioning of the victim or any other witness at the hearing may be limited by the trial court to avoid any potential abuse. The preliminary writ should be made absolute.

RICHARD CALLAHAN, Special Judge, dissenting.

Missouri is one of only eleven states that gives a criminal defendant the right to depose state's witnesses in advance of trial;[1] that right is in addition to the broad discovery rules that provide defendants with all factual details of the state's case. The overall effect is that Missouri discovery procedures already grant criminal defendants more protection than the federal system and 39 of our sister states. The instant case does not involve a class A or B felony, but rather involves class C felonies with a young teenager as the complaining witness. A preliminary hearing occurs in a public courtroom, while depositions occur in private offices and conference rooms. Generally speaking, an examination of a witness that is going to be recorded by a court reporter will be more detailed and probing than an examination that is not recorded. The trial court, in its discretion as provided by local court rule, denied the defense request to provide at its own expense a certified court reporter for the preliminary hearing. That decision does not impinge on the defendant's ability to take the complaining witness' deposition later in a more private setting. Absent an unqualified right on the part of a criminal

1. The other ten states are Florida, Indiana, Iowa, Nebraska, New Hampshire, New Mexico, North Dakota, Ohio, Texas, Vermont, and Wyoming; however, most of these states place some restrictions on the defendant's right, and only two states grant the same unlimited right as does Missouri.

defendant to have a preliminary hearing recorded, a right not advocated in its opinion, the majority fails to articulate how and why the trial court abused its discretion in denying the request. I respectfully dissent.