

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | WD79440 |
| | ) | |
| v. | ) | OPINION FILED: October 18, 2016 |
| | ) | |
| TATUM CLARK McMILLIAN, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Patricia S. Joyce, Judge

Before Division Four: Mark D. Pfeiffer, Chief Judge, Presiding, Victor C. Howard, Judge and Gary D. Witt, Judge

The State of Missouri ("State") appeals the order of the Circuit Court of Cole County granting Tatum McMillian's ("McMillian") motion to dismiss that sought the dismissal of his indictment based on the expiration of the statute of limitations. We affirm.

## Factual Background

The conduct giving rise to McMillian's indictment consists of the alleged underreporting of his earnings and his consequent receipt of unemployment benefits to which he was not entitled. The State alleged McMillian received these undeserved benefits from July 26, 2010 to June 4, 2011.

The State filed its first complaint against McMillian on May 31, 2013 in the Circuit Court of Howell County and charged him with the class C Felony of stealing by deceit, section 570.030[1] ("Howell County Prosecution"). Immediately prior to the preliminary hearing in that case, McMillian filed a motion to dismiss, arguing that the State's charges violated double jeopardy, unlawfully increased his range of punishment, and improperly charged him under section 570.030. The preliminary hearing was cancelled, and the State was given a chance to respond to McMillian's motion to dismiss. The court granted McMillian's motion to dismiss by order dated December 30, 2013. The State filed its notice of appeal on January 6, 2014, and the Court of Appeals for the Southern District dismissed the appeal because it held that the dismissal of the complaint prior to the preliminary hearing is not a final appealable judgment. *See State v. McMillian*, 455 S.W. 3d 462 (Mo. App. S.D. 2015).

On February 11, 2015, the State again charged McMillian by indictment with one count of the class C felony of stealing by deceit, section 570.030, in the Circuit Court of Cole County ("Cole County Prosecution"). McMillian again filed a motion to dismiss ("Motion to Dismiss") based on the same arguments raised in the prior proceeding, but, in addition, argued that the statute of limitations on the alleged criminal conduct had expired. McMillian argued that the statute of limitations began to run on June 4, 2011, the last day the State had alleged criminal conduct, and expired three years later on June 4, 2014.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000 as currently supplemented, unless otherwise indicated.

McMillian also argued that even if the statute of limitations were tolled during the Howell County Prosecution, the statute would have been tolled only from the filing of the complaint on May 31, 2013 to December 30, 2013, the date on which the circuit court dismissed the Howell County Prosecution. McMillian argues if the statute of limitations were tolled for this period, the expiration would have occurred on January 4, 2015. As the State refiled its indictment in Cole County on February 11, 2015, McMillian argued that the statute of limitations had still expired.

The State responded and argued that the statute of limitations should have been tolled during the entirety of the Howell County Prosecution, including during the direct appeal of the prior dismissal to the Southern District of the Court of Appeals. The circuit court apparently rejected the State's argument and granted McMillian's Motion to Dismiss solely because the court found the statute of limitations had expired prior to the refiling of the indictment in Cole County. The State now appeals.

## Standard of Review

"The determination of whether or not a statute of limitations applies is a question of law and is reviewed *de novo* by this court." *State v. Maples*, 306 S.W.3d 153, 155 (Mo. App. W.D. 2010). Whether the statute of limitations should be tolled is similarly a question of law and must be reviewed *de novo*. *See State v. Corley*, 251 S.W.3d 416, 418-21 (Mo. App. S.D. 2008).

> That determination requires us to engage in statutory interpretation, which is also a question of law that is reviewed de novo. When engaging in statutory interpretation, our goal is to ascertain the intent of the legislature and give effect to that intent as it is reflected in the plain language of the statute.

3

*State v. Wright*, 484 S.W.3d 817, 818 (Mo. App. E.D. 2015) (internal quotations and citations omitted).

## Discussion

In this appeal, both the State and McMillian agreed that the three-year statute of limitations applied to the charge filed against McMillian. However, after briefing was completed before this Court, our Missouri Supreme Court issued a decision that is dispositive to this appeal.

In *State v. Bazell*, the Missouri Supreme Court considered a challenge by defendant of her conviction for two counts of felony stealing under section 570.030. *State v. Bazell*, --- S.W.3d ----, 2016 WL 4444392 at *2 (Mo. banc Aug. 23, 2016). The Court analyzed the felony enhancement provision in section 570.030 that provides:

> 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or
> (2) The actor physically takes the property appropriated from the person of the victim; or
> (3) The property appropriated consists of:
> ...
> (d) Any firearms[.]

Section 570.030.3. The Court found that the felony enhancement provision only applies, on its face, to an offense "in which the value of property or services is an element [….]" *Bazell*, 2016 WL 4444392 at *2. Section 570.030.1 defines "stealing" as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." *Id*. The Court found, then, that the value of property or services is not an element of stealing. *Id*. The Court stated that

4

> [w]e cannot know why the legislature, in 2002, decided to amend section 570.030.3 to add the requirement that only offenses for which "the value of property or services is an element" may be enhanced to a felony, but this is what the legislature clearly and unambiguously did. As a result, section 570.030.3 does not apply here. Defendant's offenses must be classified as misdemeanors because they cannot be enhanced to felonies by the terms of section 570.030.3.

*Id*. at *3 (footnote omitted).

At oral argument, the State argued that *Bazell* only applies where the felony enhancement is based on the stealing of a firearm, motor vehicle, or other item and not where, as here, the enhancement is based on the stealing property or services with a value of over five hundred dollars. The State identifies in support the verdict director for the offense when the enhancement is sought, which includes as an element of the offense the stealing of property or services valued at over five hundred dollars. We see no support in *Bazell* for the interpretation advocated by the State. *Bazell* made no distinction between the various ways the enhancement provision could be triggered. *Bazell* found that the statute under which McMillian was charged, section 570.030.1, does not contain as an element "the value of property or services." *Id*. Therefore, section 570.030.3, which *only* applies where "the value of property or services" is an element of the offense, is inapplicable. The specific character of the enhancement sought under section 570.030.3 is irrelevant because the enhancement simply does not apply to section 570.030.1. What a verdict director incorporates as an element of the offense for the jury's deliberation is inconsequential, as the law does not provide for the enhancement sought by the State.

McMillian was charged under Section 570.030 with stealing, by deceit, property valued at over $500. Pursuant to *Bazell*, the charge against McMillian may not be enhanced

5

to a felony but, as a matter of law, can only be a class A misdemeanor. *See* Section 570.030.10. Accordingly, under section 556.036.2, the statute of limitations for a misdemeanor is one year.

Both the State and McMillian agree that the last day of McMillian's alleged criminal conduct was June 4, 2011. The statute began to run on June 5, 2011, the day after the last date of alleged criminal conduct, see section 556.036.4, and expired on June 5, 2012. The State filed its first complaint against McMillian on May 31, 2013, after the statute of limitations on McMillian's alleged criminal conduct expired, and filed its indictment on February 11, 2015, again well after the statute of limitations had expired. At oral argument, the State conceded that if the offense could only be charged as a misdemeanor, the case was originally filed after the misdemeanor one year statute of limitations had expired.

For the purposes of this appeal, it makes no difference that the trial court dismissed the indictment on different grounds, as *Bazell* had not yet been decided. "If a trial court reaches a correct result but for the wrong reason, the appellate court must nevertheless affirm." *Scroggins v. State*, 604 S.W.2d 699, 701 (Mo. App. W.D. 1980). We, therefore, need not address the State's argument regarding the tolling of the statute of limitations during the period of direct review as the issue is moot. Accordingly, the circuit court did not err in dismissing the indictment against McMillian, as the one-year statute of limitations on the charge against him had expired before any charges were filed against him.

**Conclusion**

6

The judgment of the circuit court is affirmed.

_____
Gary D. Witt, Judge

All concur

7