For the reasons stated above, we affirm.

All concur

**STATE of Missouri EX REL. Nanette PARTON, Relator,**

v.

**The Honorable Eric EIGHMY, Respondent.**

**No. SD 34887**

Missouri Court of Appeals,
Southern District,
Division One.

Filed July 21, 2017

James Egan, for relator.

Jeffrey M. Merrell and Anthony M. Brown, for respondent.

## GARY W. LYNCH, J.

This case arises from the State's prosecution against Nanette Jo Parton ("Relator") of an alleged stealing offense in violation of section 570.030.[1] Relator filed a motion to dismiss the case because the prosecution was not commenced within one year of the alleged date of the offense by the filing of an information as required by section 536.036.5. This motion was denied by Respondent. Relator petitioned this court for a permanent writ of prohibition or mandamus requiring Respondent to dismiss the case. A preliminary writ of prohibition was issued directing Respondent to file an answer to the petition. The State filed an answer and brief on behalf of Respondent.

## Standard of Review

A writ of prohibition is appropriate whenever: 1) the trial court exceeds its personal or subject matter jurisdiction; 2) the trial court exceeds its jurisdiction or abuses its discretion to such an extent that it lacks the power to act as it did; or 3) there is no adequate remedy by appeal for the party seeking the writ and the "aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision [of the lower court]."

*State ex rel. Steeley v. Oswald*, 147 S.W.3d 81, 82 (Mo. banc 2004) (quoting *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 577 (Mo. banc 1994)). In a prohibition proceeding, a relator has the burden to show that the trial court exceeded its authority, and "that burden includes overcoming the presumption of right action in favor of the trial court's ruling." *State ex rel. Dixon v. Darnold*, 939 S.W.2d 66, 69 (Mo.App. 1997).

## Factual and Procedural Background

The State initiated the underlying criminal case by filing in the trial court a document denominated as "**FELONY COMPLAINT**" on October 8, 2013. The State thereafter filed a document denominated as "**FELONY INFORMATION**" on April 2, 2014. Both documents alleged that Relator,

> in violation of Section 570.030, RSMo, committed the class B felony of stealing, punishable upon conviction under Section 558.011, RSMo, in that on or between September 9, 2012 and March 13, 2013, in the County of Taney, State of Missouri, [Relator] appropriated U.S. currency of the value of at least twenty-five thousand dollars, which property was in the charge of Colonnade / Grand regency Resorts, and [Relator] appropriated such property without the consent of Colonnade / Grand Regency Resorts and with the purpose to deprive it thereof.

Over two years later, on September 30, 2016, Relator moved to dismiss the case because stealing in violation of section 570.030 is a misdemeanor, section 556.036.2(2) requires that prosecutions for misdemeanors must commence within one year of the offense, according to section 556.036.5 a prosecution for a misdemeanor is commenced when the information is

1. Statutory references are to RSMo Cum. Supp. 2012.

filed, and the document denominated "FELONY INFORMATION" filed on April 2, 2014, was not filed within one year of the expiration of the charging period—March 13, 2013. The trial court denied Relator's motion.

## Discussion

Consistent with her motion to dismiss in the trial court, Relator's only point relied on states:

> Relator is entitled to a writ of prohibition to prohibit Respondent, the Honorable Eric Eighmy, from taking any further action in her case, other than to dismiss it with prejudice, because Respondent is without authority to take any action in her case in that the statute of limitations in this case has already run since Relator's charge is a misdemeanor and the Information in Relator's case was filed more than one year after the alleged incident.

In *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), the State argued that the defendant's charge of stealing could be enhanced from a class A misdemeanor to a class C felony because the property stolen (a firearm) was designated as eligible for enhancement in section 570.030.3. *Bazell*, 497 S.W.3d at 266. Our supreme court disagreed because

> the felony enhancement provision, by its own terms, only applies if the offense is one "in which the value of the property or services is an element." Stealing is defined in section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." **The value of the property or services appropriated is not an element of the offense of stealing.**

*Id.* (emphasis added). Section 570.030.3 enhancements, therefore, are inapplicable to the offense of stealing under section 570.030.1, regardless of the particular provision of section 570.030.3 under which enhancement is sought. *State v. Smith*, SC 95461, 522 S.W.3d 221, 230–31, 2017 WL 2952325, at *7 (Mo. July 11, 2017).

Because the misdemeanor offense of stealing under section 570.030.1 may not be enhanced to a felony, any prosecution of that offense must be commenced within one year. Section 556.036.2(2). "A prosecution is commenced for a misdemeanor … when the information is filed[.]" Section 556.036.5; *see also* Rule 21.01.[2] The substantive requirements for a misdemeanor information are set forth in Rule 23.01 that provides, in pertinent part:

> (a) The … information shall be in writing, signed by the prosecuting attorney, and filed in the court having jurisdiction of the offense. . . .
>
> (b) The … information shall:
>
> (1) State the name of the defendant or, if not known, designate the defendant by any name or description by which the defendant can be identified with reasonable certainty;
>
> (2) State plainly, concisely, and definitely the essential facts constituting the elements of the offense charged, including facts necessary for any enhanced punishment;
>
> (3) State the date and place of the offense charged as definitely as can be done. If multiple counts charge the same offense on the same date or during the same time period, additional facts or details to distinguish the counts shall be stated;
>
> (4) Cite the statute alleged to have been violated and the statutes that fix the penalty or punishment therefor; and

**2.** Rule references are to Missouri Court Rules (2017).

(5) State the name and degree, if any, of the offense charged.

...

Rule 23.01(a) and (b).

Relator argues that the document denominated as **"FELONY INFORMATION"** and filed on April 2, 2014, was filed more than a year after the alleged offense and therefore the trial court was without authority to hear the case. Relator further argues that the document denominated **"FELONY INFORMATION"** is the initial charging document (as opposed to the document denominated **"FELONY COMPLAINT"** filed within one year of the alleged offense) because section 556.036.5 "specifically states that a prosecution for a misdemeanor is commenced by the filing of an Information. If the filing of a Complaint for a misdemeanor is sufficient to toll the statute of limitations, then the language of § 556.036.5 is meaningless." The implicit premise of Relator's argument is that the denomination of each document controls the application of section 556.036.5.

■ Respondent, on the other hand, asserts that "[w]hile the charging document in this case was titled "FELONY COMPLAINT," it complied with all of the requirements of an information[.]" [3] We agree.

The document denominated **"FELONY COMPLAINT"** filed in the underlying criminal case on October 8, 2013, complies with all of the substantive requirements of Rule 23.01(a) in that it is in writing, is signed by the prosecuting attorney, and was filed in a court with jurisdiction over such an offense. The document also complies with all of the substantive require-ments of Rule 23.01(b) for a misdemeanor information in that it states Relator's name, states that Relator "appropriated U.S. currency of a value of at least twenty-five thousand dollars, which property was in the charge of Colonnade / Grand Regency Resorts[,]" states that Relator did so "on or between September 9, 2012 and March 13, 2013" in Taney County, states that Relator did so in violation of section 570.030, and states that her conduct constitutes the offense of "stealing[.]" The denomination of this document as a "felony complaint" and its characterization of the alleged stealing offense as a "class B felony" does not in any manner impinge upon or negate its compliance with the Rule 23.01(a) and (b) substantive requirements for a misdemeanor information.[4]

■ Relator's contrary implied premise that the denomination of the charging document is determinative of its substance is unpersuasive and incorrect. "The legal character of a pleading is determined by its subject matter and not its designation to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature." *Weber v. Weber*, 908 S.W.2d 356, 359 (Mo. banc 1995) (allegations made in an answer did not constitute a cross-petition for dissolution of marriage); *see also State v. Moad*, 294 S.W.3d 83, 86-88 (Mo.App. 2009) (interlocutory appeal dismissed where substance of document labeled a motion to suppress did not result in the suppression of evidence but rather the exclusion of evidence); *State v. Abeln*, 136 S.W.3d 803, 813 n. 8 (Mo.App. 2004) (although heading of document indicated that document con-

---

**3.** Respondent made this assertion in its responding brief. Relator chose not to file a reply brief, as allowed by Rule 84.05(a) made applicable by Rule 84.24(h). Apparently, Relator has no argument or claim otherwise.

**4.** Relator makes no claim that she was prejudiced in any way by the filing of a charging document denominated as a "felony complaint" as opposed to being denominated as a "misdemeanor information."

tained stipulations and body of document indicated contents were just a representation of potential testimony, court looked to substance and content to judge the document); *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App. 1989) (document entitled "amended complaint" was a proper complaint for purposes of initiating felony proceedings even though the previously filed complaint was dismissed by *nolle prosequi*); *State v. Hurley*, 251 S.W.2d 617, 618 (Mo. 1952) ("Where the offense sought to be charged is sufficiently set forth in form and substance in the body of the information, of course, it may not be held bad by reason of any defect in the caption.").

We conclude that the document filed on October 8, 2013, even though denominated as a **"FELONY COMPLAINT,"** is in substance an information charging Relator with the offense of stealing in violation of section 570.030. Because this information was filed within one year of the alleged offense, it was timely and invoked the trial court's authority. Section 556.036.2(2). Relator's point is denied.

## Conclusion

The preliminary writ was improvidently granted and is quashed. Relator's petition for a writ of prohibition or mandamus is denied.

MARY W. SHEFFIELD, P.J.—concurs

DON E. BURRELL, J.—concurs