

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STANLEY BARBER, | ) | |
| | ) | **WD82714** |
| Appellant, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| STATE OF MISSOURI, | ) | **July 14, 2020** |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable Shane T. Alexander, Judge**

**Before Division Four: Karen King Mitchell, Presiding Judge,
Thomas H. Newton and Lisa White Hardwick, Judges**

Mr. Stanley Barber appeals the Clay County Circuit Court's judgment denying a Rule 24.035 motion. He contends that the court erred in denying his claim that his counsel was ineffective for failing to advise him that a pending felony stealing charge should be dismissed under *Bazell*[1] and for advising him instead to accept a plea agreement to a different, amended charge—felony receiving stolen property—and a three-year prison term. We reverse and remand.

As outlined more fully below, Mr. Barber was charged in 2015 with C felony stealing for an offense that occurred in 2012. The charge was still pending when the Missouri Supreme Court issued its opinion in *State v. Bazell*, 497 S.W.3d 263 (Mo.

---

[1] *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), superseded by statute as stated in *State ex rel. Fite v. Johnson*, 530 S.W.3d 508 (Mo. App. W.D. 2018).

banc 2016), and several months later, Mr. Barber agreed, on the advice of counsel, to plead guilty to an amended charge, C felony receiving stolen property, with restitution, and a recommended three-year prison sentence. The State filed an amended charge in January 2017 on the same day that Mr. Barber pleaded guilty to felony receiving stolen property. As agreed, he was sentenced to three years in prison.

Mr. Barber timely filed a *pro se* Rule 24.035 motion claiming that counsel was ineffective for failing to advise him of the *Bazell* decision before negotiating the plea agreement and that, if he had known that he had a statute of limitations defense to the stealing charge under *Bazell,* he would not have entered a plea to a different felony charge and would instead have insisted on going to trial. Post-conviction counsel was appointed to represent Mr. Barber and timely filed an amended Rule 24.035 motion.

The amended motion raised two interrelated issues: that plea counsel was ineffective in failing (1) to advise Mr. Barber that he had a statute of limitations defense to the stealing charge under *Bazell*, and had Mr. Barber been so advised, he would not have pleaded guilty and would instead have insisted on going to trial with a reasonable probability that the court would have dismissed the misdeameanor stealing charge as barred by the statute of limitations, and any other charge filed against him would also have been dismissed as untimely; and (2) to object to the filing of the amended information that charged Mr. Barber with a different offense, also barred by the statute of limitations and not saved by tolling, to which objection the trial court would have responded by denying the motion for leave to amend thus forcing the State to proceed under the original stealing charge that was barred by the statute of limitations as argued in the first claim. The amended motion argued as to both claims that they would have

2

succeeded before the plea court and were thus meritorious. Following an evidentiary hearing, the motion court denied the motion, and this timely appeal followed.

**Legal Analysis**

We review a motion court's denial of a Rule 24.035 motion "only to determine whether the findings and conclusions are clearly erroneous. Rule 24.035(k)." *Parsons v. State*, 574 S.W.3d 810, 815 (Mo. App. E.D. 2019).

> Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. We presume that the motion court's findings are correct.

> [The movant's] burden of proof is established by *Strickland's* two-prong test for determining ineffective-assistance-of-counsel claims in post-conviction-relief cases. [*Strickland v. Washington*, 466 U.S. 668, 687 (1984)]. To be entitled to relief, the movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by that failure.

*Id.* at 815-16 (citations omitted).

"If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019) (citation omitted).

In the guilty-plea context, the U.S. Supreme Court has expounded at some length on the second *Strickland* prong: "When a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

3

The Court in *Lee* drew an important distinction between ineffective assistance that occurs during a trial and ineffective assistance that occurs during plea negotiations. A claim of ineffective assistance of counsel will often involve a claim of attorney error during the course of a legal proceeding – for example, that counsel failed to raise an objection at trial or to present an argument on appeal. A defendant raising such a claim can demonstrate prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

But a claim of ineffective assistance in plea negotiations amounts, by contrast, to an averment that counsel's deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself. When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial would have been different than the result of the plea bargain. That is because, while we ordinarily apply a strong presumption of reliability to judicial proceedings, we cannot accord any such presumption to judicial proceedings that never took place. We instead consider whether the defendant was prejudiced by the denial of the entire judicial proceeding ... to which he had a right.

*Parsons*, 574 S.W.3d at 816 (citations omitted).

"A defendant must enter a guilty plea knowingly and voluntarily." *Taylor v.*

*State*, 497 S.W.3d 342, 348 (Mo. App. W.D. 2016).

In addition, a defendant is entitled to the effective representation of counsel in connection with the negotiation of a plea agreement. The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel. Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel. Effective assistance in plea negotiations requires counsel to conduct a reasonable investigation before advising a client to accept a plea[.]

*Id.* at 349 (citations omitted).

To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and address considerations deemed important by defense counsel or the defendant in reaching a decision. Defense counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed.

4

An appropriate investigation by counsel is necessary to ensure a defendant makes a knowing and voluntary decision to accept a guilty plea, because prior to pleading guilty, a defendant needs to know, for example, the probability of conviction in the event of trial. Because this requires a careful evaluation of problems of proof and of *possible defenses*, few defendants can make this appraisal without the aid of counsel. Where a defendant can show that plea counsel's failure to conduct an adequate investigation affected the voluntariness and understanding with which the plea of guilty was made, the defendant may state a viable claim for post-conviction relief.

*Id.* at 349-50 (emphasis added) (citations omitted).

Although Mr. Barber presents two points relied on, they are best analyzed together as arising from counsel's representation of him during a single plea negotiation that started with one criminal charge going in and ended with another to which he agreed to enter a guilty plea.[2] In the first point, Mr. Barber argues that the motion court clearly erred in denying the claim that plea counsel was ineffective for failing to advise of and raise a statute-of-limitations defense to the stealing charge in light of *Bazell*, and this ineffectiveness resulted in an unknowing and involuntary plea.[3]

---

[2] The dissent argues that a later filed charge supersedes the first, Rule 23.10(b), and therefore that Mr. Barber's plea to the receiving charge should preclude any consideration of the stealing charge. Because the later charge was filed only because felony stealing was no longer a valid charge and was part and parcel of the plea negotiation, however, we do not believe that this rule applies for purposes of deciding whether plea counsel was ineffective in failing to advise Mr. Barber when negotiating a plea on a dismissible stealing charge that resulted in prison time. *State v. Jackson*, 385 S.W.3d 437, 444 (Mo. App. W.D. 2012), is distinguishable in that it involved a direct appeal and several amended charges; the issue was whether the charge without Mr. Jackson's prior offender allegations, filed before the jury was instructed, precluded the trial court from sentencing him as a prior offender, despite an earlier charge including that allegation.

[3] The dissent also contends that the issue of a knowing and involuntary plea was not raised in the amended motion. This does not appear to be the case. Mr. Barber preserved the claim that counsel was ineffective and his plea was therefore unknowing by stating the following in the *pro se* Rule 24.035 motion:

8. Plea counsel was ineffective for failing to research and investigat[]e the elements of the charged offense in relation to the amended charges concerning Movant's best interests, and providing legal[]advice to Movant that was not sound prior to and during the guilty plea entered by Movant. Plea counsel advised Movant to enter a guilty plea to the amended charge of receiving stolen property, in violation of § 570.080, RSMo., rather than the original charge of stealing, under § 570.030, on January 12, 2017. On

5

Mr. Barber contends that he established that he was not aware, after *Bazell* was decided, that stealing was a misdemeanor violation with a one-year statute of limitations. Because the stealing charge was filed more than one year after the alleged act, Mr. Barber claims that a motion to dismiss would have been meritorous. In the second point, Mr. Barber argues that counsel was ineffective for not objecting to or seeking to dismiss the first amended information because the statute of limitations is not tolled when the State later charges a different offense, and the amended information was filed beyond the three-year statute of limitations for felony receiving stolen property.[4]

Of particular importance to understanding whether Mr. Barber's guilty plea in January 2017 to a felony charge of receiving stolen property, which was negotiated to resolve the outstanding stealing charge, was knowing and voluntary is a chronology of key events. That chronology intersects with significant court rulings as follows:

September 29, 2012 – alleged criminal conduct occurs.

September 2 (or 3), 2015 – State files criminal complaint, C felony stealing (§ 570.030)[5], against Mr. Barber for the September 2012 offense.

August 23, 2016 – *State v. Bazell,* 497 S.W.3d 263 (Mo. banc 2016), superseded by statute as stated in *State ex rel. Fite v. Johnson*, 530 S.W.3d

---

August 23, 2016, the Missouri Supreme Court decided the case of STATE v. BAZELL, 497 S.W.3d 263 (Mo. en banc 2016), which, in turn, **if known by Movant**, he would have rejected the plea offer by the State, and would have proceeded to trial, or insisted that counsel seek an alternative offer, in accordance to the interpretation of § 570,030, as explained in <u>BAZELL</u>.

(emphasis added).

[4] The dissent argues that tolling was not raised in the amended Rule 24.035 motion as to the first point. But it was argued in that motion as to the interrelated second point, and evidence going to the issue was received during the evidentiary hearing. The motion court also analyzed the issue, ruling that the stealing charge could toll the receiving charge because, in its opinion, the stealing charge, though filed beyond the statute of limitations for a misdemeanor, was still timely because the crime was still a felony when it was originally charged and the two charges were nearly identical.

[5] Statutory references are to RSMo. (2000 as amended to Sept. 29, 2012), unless otherwise indicated.

6

508 (Mo. App. W.D. 2018). Supreme court reinterprets section 570.030 to determine that stealing cannot be enhanced to a C felony, classifies the charge as a misdemeanor, and reverses two felony stealing convictions.

October 18, 2016 – *State v. McMillian*, 524 S.W.3d 51 (Mo. App. W.D. 2016). Circuit-court dismissal of C felony stealing indictment against defendant charged more than one year after the commission of the offense, thus exceeding misdemeanor statute of limitations, is affirmed on basis of *Bazell*, which was decided while case was pending.

November 2, 2016 – Mr. Barber executes a plea agreement, indicating he will plead guilty to a C felony charge of receiving stolen property in exchange for a joint recommendation that he serve three years in prison concurrent to a sentence he was serving, pay restitution to the victims, and forego an SAR.

January 12, 2017 – State files first amended information, C felony receiving stolen property (§ 570.080). Mr. Barber pleads guilty, sentenced to three years under plea agreement.

June 15, 2017 – Mr. Barber files *pro se* Rule 24.035 motion, claiming ineffectiveness of plea counsel in connection with investigating original and amended charges and failing to give sound advice before and during entry of guilty plea in light of *Bazell*.

July 21, 2017 – *State ex rel. Parton v. Eighmy*, 524 S.W.3d 204, 207-08 (Mo. App. S.D. 2017). Court quashes writ, ruling that where felony stealing complaint was filed within one year of offense and complaint contained all the requisites of a criminal information, it could be prosecuted as a misdemeanor under *Bazell* in that it was within the one-year statute of limitations. So ruling, the court states, "Because the misdemeanor offense of stealing under section 570.030.1 may not be enhanced to a felony, any prosecution of that offense must be commenced within one year." *Id*. at 206.

October 5, 2017 – *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017). Supreme court announces prospective application of *Bazell* in habeas corpus cases where the petitioners' sentences became final before *Bazell* was decided. The court concludes, "Petitioners received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in *Bazell*. Habeas relief is, therefore, denied." *Id.* at 503.

October 16, 2017 – Mr. Barber's post-conviction counsel files amended Rule 24.035 motion, arguing that plea counsel was ineffective for failing to advise Mr. Barber of and raise a statute-of-limitations defense in light

of *Bazell*. Also arguing that plea counsel was ineffective for failing to object to the amendment of the charge in that receiving stolen property was a different offense also barred by the statute of limitations.[6]

Plea counsel's testimony during the November 25, 2018, evidentiary hearing on the amended Rule 24.035 motion reveals that his practice was not to look into the defenses available in individual cases once an acceptable plea had been reached, given case-load constraints, and that he did not fully understand how *Bazell* affected or would apply to his cases, in any event. He testified that he did not recall whether he had discussed *Bazell* with Mr. Barber after it was decided. He also testified that he would not have had any strategy in not discussing the case with Mr. Barber, saying instead that "if a client wants to proceed with a disposition in a way that we've already negotiated, I have too many cases to go through and individually look through every possible defense. So if a client says, I'll take that, then we go ahead and proceed." He further testified that "if Mr. Barber had said I'll take that concurrent offer, then I would have simply proceeded and not investigated any potential defenses further." Plea counsel testified that he never thought of advising Mr. Barber about a possible statute-of-limitations defense in light of *Bazell*, because to him, it was "still unsettled law, and it was a very confusing situation." "I wasn't actually sure what *Bazell* meant, and so I certainly didn't—well I don't recall having that conversation with him." Counsel acknowledged that the State amended the charge "because obviously the felony stealing was no longer workable under the case law at the time." On re-direct examination, plea counsel stated, "I'm comfortable saying that, while I don't recall the specifics of

---

[6] The motion court determined that the points raised in the timely filed *pro se* Rule 24.035 motion were incorporated in the amended motion and therefore addressed the latter in denying post-conviction relief. The dissent refers to this as surplusage that may be disregarded on appeal, but we are not required to do so, particularly where no party has raised the issue.

8

. . . discussions [with Mr. Barber] regarding almost any of this [*Bazell*, a statute-of-limitations defense, or tolling], I don't believe that I would have raised the issue of a potential statute of limitations defense because I simply didn't understand that that . . . was a potential defense at the time." Lacking a strategy and failing to stay abreast of case law of particular significance to Mr. Barber's case, plea counsel failed to exercise the level of skill and diligence of a reasonably competent counsel.

In light of *Windeknecht*, subsequent cases have appropriately rejected post-conviction claims that, under *Bazell*, a felony conviction for stealing was illegal or the sentence imposed was excessive. They have uniformly held that the Missouri Supreme Court definitively rejected *Bazell's* retroactive application, and therefore that it cannot be applied to a final conviction or sentence. *See, e.g., Valley v. State*, 563 S.W.3d 159, 160-61 (Mo. App. S.D. 2018) (refusing to apply *Bazell* where movant entered his plea and was sentenced six days before *Bazell* was decided). Here, the motion court then took this principle a step further, in ruling that a motion to dismiss would not have been meritorious, and appeared to conclude that prospective application means that *Bazell* may be applied only to the question of an improper *sentence* for stealing that is still pending before final conviction or sentence, but does not apply to counsel's advice about the charge itself or to the statute of limitations for a felony stealing charge rendered unlawful under *Bazell*.

This approach ignores what our supreme court actually stated when overturning Ms. Bazell's convictions for felony stealing. *Bazell*, 497 S.W.3d at 267. There the court declared that her offenses must be "classified" as misdemeanors. *Id.* It could have simply reversed the sentences the trial court imposed and remanded for

9

resentencing; rather, it reversed her *convictions* and remanded for further proceedings. The *Windeknecht* ruling emphasizes this unitary understanding of *Bazell* by quoting *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017), which reaffirmed *Bazell* and in doing so stated, "Appropriation of property or services worth more than $500 may be charged as a felony under section 570.030.3(1) *only* if the underlying offense contains as an element 'the value of property or services.'"[7] *Windeknecht*, 530 S.W.3d at 502-03. If an offense cannot be *charged* or *classified* as a felony under *Bazell*, then, as to any case pending when *Bazell* was decided, it had to be charged as a misdemeanor in full compliance with the law relating to charging misdemeanors, including the statute of limitations for bringing the charge. *McMillian*, 524 S.W.3d at 54.[8]

Because the Missouri Supreme Court's October 2017 determination that *Bazell* would continue to apply to those cases where direct review had not been exhausted as of August 23, 2016,[9] *Bazell's* holding applies under the circumstances here, and Mr. Barber's plea counsel was obligated to investigate, consider, discuss with his client, and raise before the plea court *Bazell's* potential implications for his client's pending stealing charge as thereafter amended. *State ex rel. Windeknecht*, 530 S.W.3d at 503. Counsel's failure to do so constituted ineffective assistance.

---

[7] It is also telling that the supreme court cited our ruling in *McMillian* on an unrelated issue without questioning its holding, other than to note that an application for transfer had been filed. *State v. Smith*, 522 S.W.3d 221, 231 (Mo. banc 2017) (citing *State v. McMillian*, 524 S.W.3d 51 (Mo. App. W.D. 2017)). Transfer in *McMillian* was denied on August 22, 2017.

[8] Post-conviction counsel argued *McMillian's* tenets to the motion court in closing.

[9] *See O'Haren v. State*, 927 S.W.2d 447, 450 (Mo. App. W.D. 1996) ("A case is considered 'pending' until direct review is exhausted."). *See also Hamilton v. State,* 598 S.W.3d 607, 609 (Mo. banc 2020) (ruling unanimously that *Bazell* applies "prospectively to proceedings in cases not yet final at the time *Bazell* was decided, including those pending on direct appeal.").

10

The motion court erred in concluding that plea counsel, regardless of his performance, would have been unsuccessful in seeking to dismiss either the original stealing charge or the later receiving-stolen-property charge, so Mr. Barber cannot show prejudice from the professional shortcomings, if any, on counsel's part. The motion court did so by carving *Bazell's* holding and ramifications into discrete parts, some of which it applied retroactively, some of which it did not, and by finding that an improper, untimely initial charge tolls a later charge brought under a different statute. Given the unanimous ruling in *Hamilton v. State,* 598 S.W.3d 607, 609 (Mo. banc 2020) (concluding that *Windeknecht's* pronouncement on retroactivity did not limit *Bazell's* application to those cases pending on direct appeal only; rather, any case, at any stage, that had not gone to final judgment after *Bazell* was handed down must be analyzed and decided in light of *Bazell's* holding), *McMillian* remains unaffected by the Missouri Supreme Court's pronouncement on *Bazell's* retroactivity in *State ex rel. Windeknecht*. Accordingly, Mr. Barber's counsel was ineffective, before the conviction and sentence were final, for failing to advise Mr. Barber that he should seek to dismiss the untimely misdemeanor stealing charge and reject the State's offer of a plea agreement that required him to plead guilty to an untolled and untimely amended felony charge of receiving stolen property.

Mr. Barber was charged with a felony offense, his case was pending when *Bazell* was decided, and he therefore could be charged with a misdemeanor only. And because the charge was filed nearly three years after the offense occurred, the stealing charge was barred by the one-year statute of limitations applicable to misdemeanors. His attorney was ineffective for failing to tell him before his case had been finally disposed

11

of and, before he agreed to be charged with felony receiving stolen property and to serve a three-year sentence, that he had a statute-of-limitations defense to the original charge. We stated as much in *McMillian* two weeks before Mr. Barber executed a plea agreement on November 2, 2016, in which he agreed to plead guilty to a felony charge of receiving stolen property. *McMillian*, 524 S.W.3d at 54. Mr. Barber's plea was not entered knowingly. Plea counsel appeared to understand that the State could not proceed on a felony stealing charge in light of *Bazell*, but failed to investigate further to determine whether a charge filed under a different criminal statute more than four years after the offense occurred might not be tolled.

The motion court compounded the prejudice to Mr. Barber of serving a three-year sentence by concluding that because the Legislature changed the stealing and receiving-stolen-property offenses in 2017 by combining them in the same statute, these two offenses, which were set forth in separate statutes *five years earlier* when Mr. Barber committed the offense, are actually the same offense for purposes of deciding the tolling issue under *State v. Corley*, 251 S.W.3d 416, 421 (Mo. App. S.D. 2008). In effect, the motion court would have applied only the sentencing aspect of *Bazell* since it must be applied prospectively and all that was left to do in Mr. Barber's case was to sentence him, but then applied to his offense a legislative enactment that became effective five years after the offense occurred. This is not how the law and due process function.

In determining whether Mr. Barber was prejudiced by counsel's failure to exercise the customary skill and diligence of a reasonably competent attorney, the motion court concluded that any objection by his counsel to the later charge would

12

have been meritless because (1) the original charge was timely, and (2) that charge tolled the subsequent charge to which Mr. Barber pleaded guilty.

We have already determined that the original charge was filed outside the statute of limitations and was subject to dismissal. In addition, when Mr. Barber was charged with stealing in 2015 for a crime that occurred in 2012, that criminal charge could not toll the statute of limitations for receiving stolen property, which was not charged until 2017, or well beyond the limitations period for a felony. The three factors set out in *Corley* to assist in determining "whether a previously charged offense can serve to toll the applicable statute of limitations for a later charged offense" call for the court to see if (1) "the later information or indictment contains essentially the same facts as those included in the original charging document," (2) "the charge contained in the later charging document is derived from the same statute as the original charge," and (3) "the later charged offense is a different level of criminal offense from that originally charged, i.e., one a felony and one a misdemeanor." *Corley*, 251 S.W.3d at 421. The charges in 2015 and 2017 were not derived from the same statute, given differences in the elements that must be proven to convict, and they were different levels of criminal offense. The motion court here found nothing to distinguish the term "appropriates" (what must occur to prove stealing) from "receives" or "retains" (what must occur to prove receiving stolen property). If this is so, then we would have to disregard that the Legislature, in at least a previous iteration of the criminal law, used different statutes to define the offenses. As well, receiving stolen property further requires proof that the person who received, retained, or disposed of the property of another did it "knowing that it has been stolen" or "believing that it has been stolen." This element,

13

for fairly obvious reasons, is not required to prove stealing.  The two offenses also, as the law stood in 2017 before Mr. Barber entered his plea, were not classified the same. Under *Bazell*, stealing was a misdemeanor.  When Mr. Barber allegedly committed the offense, receiving stolen property was a felony, and nothing in *Bazell* changed that classification.  As well, plea counsel may not have understood the rudiments of tolling and therefore did not advise Mr. Barber that he should not enter a guilty plea to an untimely, untolled charge.[10]  Counsel was ineffective, and Mr. Barber was prejudiced by that ineffectiveness.  Points one and two are granted.

Mr. Barber did not waive the statute-of-limitations issue he has raised by pleading guilty, as the motion court found.  His claim is that counsel was ineffective before he entered his plea for failing to advise him that he had a valid statute-of-limitations defense to the stealing charge or that the charge of receiving stolen property could not be tolled and was also therefore not brought within the statute of limitations.[11] For these reasons, counsel's representation of Mr. Barber was ineffective for failing to object to the amended charge or to have it dismissed and Mr. Barber was thereby prejudiced.  That he served time for a crime that was unlawfully prosecuted due to counsel's ineffectiveness does not comport with rights protected under our state and federal constitutions.

---

[10] Plea counsel testified that he did not know off the top of his head what the statute of limitations is for a misdemeanor and that he had "no idea" whether the statute of limitations is tolled for a different offense than that contained in the original charging instrument.  Plea counsel also testified that he did not know that a guilty plea waives a statute-of-limitations defense.

[11] Counsel argued during the post-conviction evidentiary hearing that the claim for purposes of post-conviction review was not that the statute of limitations was violated; rather, the argument was that plea counsel was ineffective for failing to inform Mr. Barber of possible defenses available to him, which was necessary for him to make a voluntary, intelligent, and knowing plea.

14

## Conclusion

We have a definite and firm impression that the motion court made a mistake and therefore reverse its denial of the Rule 24.035 motion. Accordingly, we remand to allow Mr. Barber to withdraw his plea and for further proceedings consistent with this opinion.

/s/ *Thomas H. Newton*

Thomas H. Newton, Judge

Thomas H. Newton, Judge, writes for the majority.
Lisa White Hardwick, Judge, concurs.
Karen King Mitchell, Presiding Judge, dissents in a separate opinion.

15



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STANLEY BARBER,                          )
                                         )
                    Appellant,           )     WD82714
v.                                       )
                                         )     OPINION FILED:
STATE OF MISSOURI,                       )     July 14, 2020
                                         )
                    Respondent.          )

**Dissenting Opinion**

The majority has determined that Stanley Barber's plea counsel was ineffective. But because that determination requires us to ignore or, in some instances, refuse to apply settled law regarding the pleading requirements for post-conviction motions based upon claims of ineffective assistance of counsel, I respectfully dissent.

While noting that Barber raises two separate claims, the majority contends that "they are best analyzed together."[1]  If Barber wished to raise only one claim with multiple underlying arguments in support, he was free to do so.  He made a different

---

[1] Barber presumably raised two points on appeal because they correspond with the two claims of ineffective assistance of counsel asserted in his Rule 24.035 motion.  Had Barber raised but a single point on appeal encompassing both claims, this court would have faulted him for failing to comply with Rule 84.04(d) by raising a multifarious point relied on.  *See Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017) ("A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal.").

choice. Instead, he raised two separate claims of ineffective assistance of plea counsel, and, as such, each claim must stand or fall on its own merits. *See Green v. State*, 494 S.W.3d 525, 530 (Mo. banc 2016) ("The various grounds a movant lists in a . . . motion for post-conviction relief are distinct *claims* for relief and may be independent of others. They are not separate factual grounds that are part of one larger claim.").

In his two separate claims, Barber argues that the court erred in denying his motion because plea counsel was ineffective in (1) failing to both advise Barber of the Missouri Supreme Court's decision in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), and use *Bazell* to raise a statute-of-limitations defense to the original charge of stealing; and (2) failing to object to the State's filing of an amended information charging him with receiving stolen property in that the limitations period for that offense had expired and was not tolled by the original charge.

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that counsel provided deficient performance and that the movant was thereby prejudiced. *Berry v. State*, 597 S.W.3d 806, 811 (Mo. App. W.D. 2020). "'If either the performance prong or the prejudice prong is not met, then [the court] need not consider the other,' and the movant's claim must fail." *Id.* (quoting *Neal v. State*, 379 S.W.3d 209, 216 (Mo. App. W.D. 2012)). Here, Barber's amended motion failed to properly plead both the performance and prejudice prongs of his ineffective assistance claims. Therefore, I cannot hold that the motion court clearly erred in overruling his post-conviction motion, and I would affirm.

I. **In the first claim of his amended motion for post-conviction relief, Barber failed to adequately plead support for his claim that his plea of guilty to the amended charge of receiving stolen property was involuntary.**

2

In his first point, Barber alleges that counsel was ineffective for failing to advise him of a defense to and to seek dismissal of the *original stealing charge* on statute-of-limitation grounds under the Missouri Supreme Court's decision in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). He raised this challenge in claim 8(a) of his amended motion, where he alleged that, "[h]ad plea counsel advised Mr. Barber of this defense, he would not have pled guilty [to the amended charge] but would have insisted on going to trial and there is a reasonable probability the court would have dismissed the misdemeanor stealing charge as being barred by the statute of limitations."

Barber's allegation of prejudice suggests that he would have proceeded to trial on a misdemeanor stealing charge under the original information. But he pled guilty to an amended charge, and once the amended information was filed, the original information charging stealing became a nullity. *State v. Jackson*, 385 S.W.3d 437, 444 (Mo. App. W.D. 2012); § 545.110 ("If there be at any time pending against the same defendant . . . two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed.");[2] Rule 23.10(b) ("If there are two or more indictments or informations pending against the defendant for the same offense in the same county, the indictment or information last filed shall supersede all indictments or informations previously filed."). Therefore, Barber could not have gone to trial on the stealing charge, whether as a felony or as a misdemeanor, because that charge no longer existed.

---

[2] "This statute applies to informations as well as indictments." *State v. Nesbitt*, 299 S.W.3d 26, 29 (Mo. App. E.D. 2009).

Relief under Rule 24.035 is limited to challenges affecting "the conviction or sentence imposed." Rule 24.035(a). Thus, to be entitled to relief on his first claim of ineffective assistance of counsel, Barber needed to plead how counsel's performance with respect to the *original charge* ultimately affected the voluntariness of his plea to the *amended charge*, as the only conviction for which sentence was imposed in the underlying case was for the amended charge of receiving stolen property. *See Hopkins v. State*, 802 S.W.2d 956, 957 (Mo. App. W.D. 1991) (holding that "a Rule 24.035 movant [must] be delivered to the custody of the department of corrections on the same conviction challenged in the motion."). This, he failed to do.

Though Barber now claims on appeal (and presented supporting evidence at the hearing below) that counsel's failure to seek dismissal of the stealing charge rendered his plea to the receiving stolen property charge involuntary insofar as the otherwise untimely amended charge could not have been tolled by the allegedly untimely original charge, that argument was not made with respect to claim 8(a) in his amended motion. In fact, tolling is not mentioned *at all* with respect to claim 8(a), nor is it analyzed.

"In actions under Rule [24.035], any allegations or issues that are not raised in the [amended] motion are waived on appeal."[3] *Shockley v. State*, 579 S.W.3d 881, 899

---

[3] This is true even if the issue was raised in the original *pro se* motion. "[T]he amended motion supersedes [the] *pro se* motion, and renders it a nullity." *Henderson v. State*, 372 S.W.3d 11, 14 n.3 (Mo. App. W.D. 2012) (quoting *Wills v. State*, 321 S.W.3d 375, 386 (Mo. App. W.D. 2010)). "[T]he parties and the court should consider only the amended motion, and not [the] *pro se* motion" because the "amended motion supersedes [the] *pro se* motion and renders it a nullity." *Day v. State*, 143 S.W.3d 690, 693 (Mo. App. W.D. 2004). "In fact, Rule 24.035(g) prohibits the amended motion from incorporating any material in any previously filed motion." *Id.* at 693-94. "Allegations in a *pro se* motion that are not included in a subsequently filed amended motion are not for consideration." *Self v. State*, 14 S.W.3d 223, 226 (Mo. App. S.D. 2000). "The motion court ha[s] no duty to respond to the allegations in movant's *pro se* motion that [a]re not in the amended motion." *Id.* And any "reference to those allegations in the motion court's findings is *surplusage*." *Wills*, 321 S.W.3d at 386 (quoting *Self*, 14 S.W.3d at 226). Although these cases predate a 2017 amendment to Rule 24.035, the amendment made the rule *more* restrictive by not allowing incorporation by physical attachment, which had previously been authorized in *Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999). There is

(Mo. banc 2019) (quoting *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011)). And "[p]leading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Id.* (quoting *Johnson*, 333 S.W.3d at 471); *see also Tisius v. State*, 519 S.W.3d 413, 425 (Mo. banc 2017) (same). In sum, "[c]laims are waived where they are not directly presented in the motion for post-conviction relief— the presentation of evidence otherwise relevant to a claim does not preserve other possible claims relevant to that evidence, but not directly presented in the post-conviction motion." *Day v. State*, 495 S.W.3d 773, 776 (Mo. App. S.D. 2016).

Here, Barber failed to plead how counsel's allegedly deficient performance with respect to the original charge affected the voluntariness of his plea to the amended charge.[4] And, despite his presentation of evidence at the hearing and refinement of this

---

no reason to believe that the rule change altered the existing law indicating that the amended motion supersedes the *pro se* motion. And I cannot support the majority's reliance on the *pro se* motion to make up for the pleading deficiencies in Barber's amended motion. *See* Maj. Op. at 6 n.3.

[4] Unlike the prejudice alleged in the amended motion, Barber's *pro se* motion alleged that his plea to receiving stolen property was part of an agreement with the State and that, but for counsel's alleged deficiency, he would not have accepted the plea agreement to an amended charge and would have gone to trial. In its findings of fact and conclusions of law, the motion court found "that the sole claim for relief in [Barber's *pro se*] motion is fully incorporated within his Amended Motion." But nothing in the amended motion, itself, made any effort to incorporate any of the allegations from the *pro se* motion. Indeed, such practice is barred by Rule 24.035(g) ("The amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion."). The majority relies on the motion court's erroneous finding regarding incorporation, as well as the evidence presented at the hearing, to overcome Barber's pleading deficiencies and analyze his two claims together. But we rejected this very approach in *Wright v. State*, 453 S.W.3d 234 (Mo. App. W.D. 2014).

In *Wright*, a post-conviction movant raised, for the first time at the evidentiary hearing, a claim that plea counsel had a conflict of interest. *Id.* at 238-39. In response, the motion court noted that it "didn't see that in the motion, but it's been tried here by consent, because nobody objected to it, so I'm okay with that." *Id.* at 238. The motion court ultimately overruled the movant's motion, and he raised the conflict of interest issue on appeal to this court. *Id.* We refused to review the movant's claim, finding it waived as a result of his failure to include it in the amended motion. *Id.* at 238-39. More specifically, we held, "Although the trial court considered the claim by noting that no one had objected to the argument at the evidentiary hearing and, therefore, considered it tried by consent, '[i]t is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the state does not raise the issue.'" *Id.* at 239 (quoting *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)). In short, claims not presented, or not properly presented, in the

5

claim on appeal, his failure to directly raise this argument in his amended motion results in this claim being waived. Accordingly, I would deny Point I based upon Barber's procedural failures.

That said, I would also deny Barber's first point on the merits. The majority holds that Barber's claim of ineffective assistance of counsel merits relief under *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016); *State v. McMillian*, 524 S.W.3d 51 (Mo. App. W.D. 2017); and *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017). I disagree.

To begin, I do not share the majority's view that "*McMillian* remains unaffected by the Missouri Supreme Court's pronouncement on *Bazell's* retroactivity in *State ex rel. Windeknecht*."[5] But, even if that view were correct, Barber still failed to sufficiently plead his claim for relief.

Barber's claim—as presented in the amended motion—focuses *solely* on counsel's failure to assert a statute-of-limitations defense under *Bazell*. At *no point* below did Barber mention or address any potential effect of the *McMillian* decision on his claim of ineffective assistance. Though I agree that Barber's case fell within *Bazell*'s holding at the time he entered his plea, I believe that *Bazell* would have

---

amended motion cannot be tried by consent at an evidentiary hearing nor incorporated, *sua sponte*, by the motion court. *Id.*; *see also State v. Shafer*, 969 S.W.2d 719, 738 (Mo. banc 1998) ("The motion court has authority only to decide those claims that are brought before it in timely pleadings setting out facts, not legal conclusions that, if true, would entitle movant to relief."); *State v. Coleman*, 449 S.W.3d 387, 390 (Mo. App. E.D. 2014) ("Trial courts lack the authority to consider claims that should have been raised in a timely Rule 24.035 motion"); *Day v. State*, 495 S.W.3d 773, 776 (Mo. App. S.D. 2016) ("Claims not properly raised in a [post-conviction] motion are waived on appeal."). Accordingly, the only claim of prejudice properly before the motion court was the one included in the amended motion, and, for the reasons identified above, that claim was insufficient.

[5] The Court held in *Windeknecht* that "the *Bazell* holding only applies forward, except those cases pending on direct appeal." *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500, 503 (Mo. banc 2017).

6

limited, at best, the classification of the stealing charge and his potential sentence upon conviction, meaning he could be convicted of a misdemeanor and sentenced to no more than one year in jail (the maximum penalty for a misdemeanor) because *Bazell*'s holding addressed only the *sentencing enhancement* provision of § 570.030; it did not address any further potential effects of the felony-versus-misdemeanor classification. *Bazell*, 497 S.W.3d at 267, 267 n.4 (holding that the defendant's offenses "cannot be *enhanced* to felonies by the terms of section 570.030.3" (emphasis added) and refusing to alter her felony stealing convictions to misdemeanors because she had not requested that relief below).[6] I do not believe that counsel can be deemed ineffective for failing to rely on *Bazell*, alone, to support a statute-of-limitations defense because, at the time the State filed the charge, stealing under the facts in Barber's case was considered a class C felony, and *Bazell* did not address the applicable statute of limitations. *See, e.g., State v. Passley*, 389 S.W.3d 180, 184 (Mo. App. S.D. 2012), *abrogated by Bazell*, 497 S.W.3d at 267 n.3.

Barber now, for the first time on appeal, argues that counsel should have relied on *McMillian*, but that is not what he argued below.[7] And, because he did not argue it below, neither the State nor the motion court had the opportunity to address its applicability to his claim of ineffective assistance of counsel. I acknowledge that Barber's case might have been dismissed, had counsel raised a statute-of-limitations

---

[6] The extent of *Bazell*'s holding is still an ongoing subject of debate. *See State v. Smith*, 522 S.W.3d 221, 236 (Mo. banc 2017) (Stith, J., dissenting) (arguing that *Bazell*'s holding was limited to allegations of stealing a firearm and did not apply to allegations of stealing $500 or more).

[7] Under our standard of review, I would not hold that the motion court clearly erred for not addressing the effect of a case never presented to it by the movant.

defense based on both *Bazell* and *McMillian*.[8] But focusing on the likelihood of dismissal, alone, addresses solely the prejudice prong of the *Strickland* test and fails to address the performance prong. It is easy to say, in hindsight, that counsel should have sought dismissal under both *Bazell* and *McMillian*, but "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

At the time of Barber's plea, the understanding and implications of the *Bazell* holding were in a state of flux, and *McMillian* had been handed down only two weeks earlier and was not yet final. In fact, the *McMillian* decision did not become final until August 23, 2017, approximately ten months *after* Barber entered his plea. In the interim, it was the subject of motions for both rehearing and transfer. *State v. McMillian*, 524 S.W.3d 51 (Mo. App. W.D. 2016). It is conceivable that any counsel, *at the time*, would have been skeptical of relying on *McMillian*, given its novel application of *Bazell* and lack of finality. Though it is certainly a close call, *Strickland* requires that we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.[9] It was

---

[8] A belief that dismissal was inevitable depends upon an assumption that the plea court would have been willing to rely on *McMillian*, despite the fact that it involved a novel application of *Bazell*, was handed down only two weeks prior, and was not yet final.

[9] I recognize that Barber's counsel indicated below that he was wholly unaware of *McMillian*. Though I do not condone counsel's failure to keep apprised of legal developments, I also recognize that "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). Here, there was testimony that suggests counsel stopped looking at legal issues when

8

Barber's burden to prove otherwise. The motion court determined that he failed to do so. Accordingly, it is his burden on appeal to demonstrate that the motion court's decision was clearly erroneous. While I find Barber's position sympathetic, I simply cannot fault the motion court for failing to address a matter not raised by Barber, and I certainly cannot say that its decision is *clearly* erroneous.

In sum, I would reject Barber's first point on appeal based upon its numerous procedural deficiencies. But I would also reject it on the merits, given our standard of review, our deference to counsel, and Barber's failure to raise this specific claim below.

## II.   Barber failed to establish the requisite prejudice needed for relief on his claim that counsel was ineffective for failing to object to the amended information.

In his second point on appeal, Barber argues that plea counsel provided ineffective assistance in failing to object to the State filing the amended information on the ground that the charge therein, receiving stolen property, constituted a different offense from the original charge and was barred by the statute of limitations. He claims that,

> [h]ad plea counsel objected, the objection likely would have been meritorious, in that there is a reasonable probability the plea court would have denied the State's motion for leave to file an amended information and as a consequence the State would have had to proceed under its original information, charging Mr. Barber with felony stealing, which

---

Barber decided that he wanted to plead guilty. Because *McMillian* was not raised in the motion court, there was no evidence that the decision to plead guilty occurred after *McMillian* was published. Thus, Barber may have already indicated his desire to plead guilty before *McMillian* was handed down. As such, counsel likely became focused on obtaining the best plea agreement possible for Barber rather than continuing to investigate defenses to the charge. *See, e.g., Deen v. State*, 550 S.W.3d 135, 140 (Mo. App. W.D. 2018) (rejecting claim of ineffective assistance of plea counsel for failing to pursue a potential defense where the movant failed to demonstrate why counsel's decision to pursue a guilty plea pursuant to the movant's wishes, rather than investigating potential defenses, was unreasonable). And counsel's testimony at the evidentiary hearing certainly hinted at this possibility. Unfortunately, however, because the motion court denied Barber's claim on purely legal grounds, it did not make any specific factual findings about the timing of Barber's decision to plead guilty and what effect, if any, that timing had on counsel's decisions.

9

after the Missouri Supreme Court's decision in *Bazell* would have had to be amended to an A misdemeanor.

Because Barber failed to make a proper showing of prejudice, I would also deny this claim.

"[A]n aggrieved defendant can seek post-conviction relief relating *either* to the defendant's conviction *or* to the defendant's sentence." *Cherco v. State*, 309 S.W.3d 819, 829 (Mo. App. W.D. 2010). If the post-conviction movant is seeking relief as to the conviction following a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges [upon] the voluntariness and knowledge with which the plea was made." *Skinner v. State*, 593 S.W.3d 106, 108 (Mo. App. S.D. 2020) (quoting *Durst v. State*, 584 S.W.3d 817, 820 (Mo. App. S.D. 2019)).[10] To make a proper showing of prejudice from counsel's alleged ineffectiveness affecting a conviction upon a guilty plea, the movant "must show that 'a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial.'" *Id.* (quoting *Lowery v. State*, 520 S.W.3d 474, 478 (Mo. App. S.D. 2017)).

The prejudice prong also "permits a defendant to argue prejudice in sentencing as a result of ineffective assistance of counsel without requesting vacation of the underlying guilty plea or finding of guilt." *Cherco*, 309 S.W.3d at 829-30. To demonstrate prejudice where the allegation of ineffective assistance is directed at

---

[10] *See also Cherco v. State*, 309 S.W.3d 819, 829 (Mo. App. W.D. 2010) ("Cases which have subsequently described the *Strickland* prejudice prong to require a defendant to demonstrate that but for trial counsel's errors, the defendant would not have pleaded guilty, must be fairly read as limited to situations where the defendant is seeking vacation of his guilty plea.").

sentencing, the movant must show "that but for trial counsel's errors [movant's] sentence would have been lower." *Id*. at 831.

The claim at issue in this point appeared as claim 8(b) in Barber's amended motion. But nowhere in claim 8(b) did Barber allege either that counsel's failure to object affected the voluntary and knowing nature of his plea or that, but for counsel's failure to object, he would not have pled guilty but would have, instead, gone to trial on the receiving stolen property charge. As such, to the extent he is challenging the underlying conviction, he failed to make a proper allegation of prejudice.[11]

Barber alternatively suggests that, had counsel objected to the amended information, the objection would have been sustained, which he then argues would have resulted in the State proceeding against him on a misdemeanor, rather than a felony, and a misdemeanor would have carried a lower sentence. The problem with this allegation, however, is that he is attempting to claim prejudice in sentencing based upon a non-sentencing error that he does not claim affected the voluntariness of his plea. Non-sentencing claims of ineffective assistance must affect the voluntariness of the plea to afford any relief to a post-conviction movant. *Skinner*, 593 S.W.3d at 108. And, here, because Barber made no allegation that counsel's alleged errors affected the voluntariness of his plea, I find his claim without merit and would deny it.

---

[11] Though Barber testified at the evidentiary hearing that he would not have pled guilty to receiving stolen property absent counsel's alleged errors, "[p]leading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Hill v. State*, 532 S.W.3d 744, 750 (Mo. App. E.D. 2017) (quoting *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012)). In post-conviction actions, "any allegations or issues that are not raised in the [post-conviction] motion are waived on appeal," and "there is 'no plain error review in appeals from post-conviction judgments for claims that were not presented in the post-conviction motion.'" *Id.* (quoting *McLaughlin*, 378 S.W.3d at 340).

## Conclusion

Because the majority opinion requires us to ignore or refuse to apply settled law regarding the pleading requirements for post-conviction motions, I dissent. Instead, I would hold that the motion court did not err in denying Barber's Rule 24.035 motion for post-conviction relief because Barber's first claim did not state an adequate basis for relief under Rule 24.035, and he failed to allege prejudice on his second claim.


/s/ *Karen King Mitchell*
Karen King Mitchell, Presiding Judge